764 So.2d 944 (2000)
STATE of Louisiana
v.
Chalus RABON.
No. 00-KK-0935.
Supreme Court of Louisiana.
June 30, 2000.
PER CURIAM.[*]
Granted. The judgments below are reversed. Even assuming that the police officer had reasonable grounds for an investigatory *945 stop pursuant to La.C.Cr.P. art. 215.1, and that relator's refusal to remove his hand from his pocket gave the officer an articulable basis for conducting a self protective frisk for weapons, see 4 Warren R. LaFave, Search and Seizure, § 9.5(a) (an "otherwise inexplicable failure to remove a hand from a pocket" may give rise to reasonable suspicion for a weapons search), the officer exceeded the permissible scope of the search authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), when he removed an opaque pill canister from relator's pocket and manipulated it physically to determine its contents under circumstances in which he could not have reasonably believed the canister itself was contraband or that it concealed a weapon. The officer's conduct thereby "amounted to the sort of evidentiary search that Terry expressly refused to authorize...." Minnesota v. Dickerson, 508 U.S. 366, 378, 113 S.Ct. 2130, 2139, 124 L.Ed.2d 334 (1993). The trial court therefore erred in denying relator's motion to suppress the evidence and this case is remanded to that court for further proceedings not inconsistent with the views expressed herein.
VICTORY, TRAYLOR and KNOLL, JJ., would deny the writ.
NOTES
[*] Lemmon, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.