hGREMILLION, Judge.
The defendant, Gary Brooks, appeals his conviction for possession of a controlled dangerous substance (cocaine) claiming that the trial court erred in failing to suppress certain evidence seized when he was arrested. For the following reasons, we affirm the trial court’s decision.
FACTS
Defendant was found by Opelousas City Police officers asleep behind the wheel of his car, which was blocking traffic. During a pat down search for weapons, an officer discovered a medicine bottle in Defendant’s pocket. The officer opened the bottle which held five rocks of cocaine. Defendant was charged by bill of information with possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1). He pled not guilty and filed a pro se Motion to Suppress that was denied by the trial court after a hearing. Following a jury trial, Defendant was found guilty of the lesser-included offense of possession of a controlled dangerous substance, La.R.S. 40:967(C), and was sentenced to five years at hard labor. It is from this conviction that Defendant appeals contending that the trial court erred in denying his pro se Motion to Suppress.
MOTION TO SUPPRESS
In his assignment of error, Defendant claims the trial court should have excluded the evidence of the cocaine because the police illegally conducted an intrusive search of his person during an investigatory stop. At the hearing on the Motion to Suppress, Opelousas Police Officer Loretta Etienne testified that she was dispatched to Raymond Street on December 13, 1997, around 7:00 a.m., in reference [¿to a complaint that a person was sleeping in a ear that was blocking traffic. Officer Etienne said that she found Defendant asleep inside his car with the motor running.
Officer Etienne stated that she immediately called for backup because she knew Defendant to be hostile to officers. After another officer arrived, the officers woke Defendant and had him get out of his car. Officer Etienne testified that Defendant got out in a swaying motion and that he looked like he was “waking up from a drunk.” She noted that his speech was slurred, he smelled of alcohol, and he claimed he did not have a driver’s license in his possession. She said that Defendant appeared intoxicated and that she feared for her safety. For that reason, Officer Etienne conducted a pat down search of Defendant, during which she felt a medicine bottle in Defendant’s front, right pocket. She said she removed the medicine bottle from Defendant’s pocket and opened it. It was a Thrifty Way medicine bottle containing five rocks of cocaine. At that point, Defendant was arrested.
Officer Etienne further testified that, even if she had not found the cocaine, she would have arrested Defendant for obstructing traffic, driving under suspension, having an expired inspection sticker, and driving while intoxicated. She explained that Defendant would have been thoroughly searched as part of routine police procedure after his arrest. We also note that Officer Etienne testified that she conducted a more thorough search incidental to his arrest and found no other drugs or drug paraphernalia.
Under questioning on cross-examination, Officer Etienne admitted that Defendant’s medicine bottle could have contained prescription medicine and that he did not have any weapons on his person or in his car. However, she explained that 13she took the bottle out of Defendant’s pocket for safety reasons because, based on past experience, she felt it might contain a razor blade along with the contraband.[1] In addition, Officer Etienne stated that Defendant did not do anything that would indicate he was going to harm her.
*1057 Defendant concedes that Officer Etienne had reasonable cause to conduct an investigatory stop since he was found asleep behind the wheel with his car engine running. However, he argues that officer safety required neither the extensive search of his person nor the opening of the medicine bottle and that no probable cause existed requiring his arrest. The State counters with the argument that the officers had probable cause to arrest Defendant for driving while intoxicated, driving under suspension, having an expired inspection sticker, and obstructing traffic. Therefore, the State argues the cocaine would have eventually been discovered when Defendant was searched and booked into jail.
In State v. Rabon, 00-0985 (La.6/30/00), 764 So.2d 944, the Louisiana Supreme Court held that the defendant’s motion to suppress should have been granted because an officer exceeded the scope of an investigatory stop when he took a pill bottle from the defendant’s pocket and tried to determine its contents. The high court stated:
Even assuming that the police officer had reasonable grounds for an investigatory stop pursuant to La.C.Cr.P. art. 215.1, and that relator’s refusal to remove his hand from his pocket gave the officer an articulable basis for conducting a self protective frisk for weapons ... the officer exceeded the permissible scope of the search authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), when he removed an opaque pill canister from relator’s pocket and | ¿manipulated it physically to determine its contents under circumstances in which he could not have reasonably believed the canister itself was contraband or that it concealed a weapon.
Id. at 944-45 (citation omitted).
However, in the instant case, we need not reach the issue of whether Officer Etienne’s search, eventual seizure, and opening of the medicine bottle was unlawful under Rabon because the cocaine is admissible under the inevitable discovery exception to the exclusionary rule. In State v. Melbert, 140, pp. 10-11, (La.App. 3 Cir. 11/30/94), 649 So.2d 740, 744 (footnotes omitted), we held:
“Any evidence produced as a result of an illegal search and seizure is tainted and thus inadmissible under the fruit of the poisonous tree doctrine.” State v. Shivers, 346 So.2d 657, 661 (La.1977) (citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Silverthorne v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920)). While evidence seized as a result of an illegal search is inadmissible, there are three exceptions to that exclusionary rule, the independent source doctrine, the inevitable discovery doctrine, and the attenuation doctrine. United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).
The inevitable discovery doctrine may be applicable, and therefore, we provide this analysis. In Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the United States Supreme Court held that unconstitutionally obtained evidence may be admitted at trial if it would inevitably have been seized by police in a constitutional manner. The court’s decision was based on its belief that it is unfair to penalize the government through application of the exclusionary rule where the police would have obtained the evidence even if no misconduct occurred.
The inevitable discovery doctrine applies to the case at hand. Clearly, Officer Eti-enne had probable cause to arrest Defendant. Further, she testified that, even if she had not found the cocaine, she would have arrested him for obstructing traffic, driving under suspension, having an expired inspection sticker, and driving Awhile intoxicated. Officer Etienne testified that she was going to arrest Defendant for the offenses mentioned above (whether or not she had found the pill bottle), search him *1058 thoroughly, and bring him to the police station. Thus, the State proved that Defendant would have been arrested on other grounds and eventually searched subsequent to his arrest and booking. Based on the testimony at the hearing on the Motion to Suppress, we find that the trial court did not err in denying the motion as the cocaine was admissible under the eventual discovery doctrine exception to the exclusionary rule. Therefore, this assignment of error is without merit.
CONCLUSION
Defendant’s conviction for possession of a controlled dangerous substance is affirmed.
AFFIRMED.

. No razor blade was found in the bottle.