692 So.2d 1236 (1997)
STATE of Louisiana
v.
Brian FEFIE.
No. 96-KA-605.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 1997.
*1237 Jack M. Capella, District Attorney, Vincent Paceria, Leigh Anne Wall, Assistant District Attorneys, Gretna, for plaintiff-appellee.
Linda Davis-Short, 24th Judicial District, Indigent Defender Board, Gretna, for defendant-appellant.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GAUDIN, Judge.
Brian Fefie was convicted by a Jefferson Parish jury of attempted distribution of cocaine and sentenced to 10 years at hard labor as a multiple offender. On appeal, he assigns these trial court errors:
(1) the trial judge erred in denying his (Fefie's) motion asking the state to reveal the name of the confidential informer,
(2) the trial judge improperly allowed evidence of other crimes,
(3) the trial judge did not tell the defendant of his right to a trial and to remain silent at the multiple offender hearing,
(4) the trial judge failed to set aside Fefie's prior sentence before sentencing him as a multiple offender, and
(5) Fefie was not advised of the prescriptive period for seeking post conviction relief.
Also, appellant asks this Court to search for errors patent.
We find no merit in (1) and (2), above; consequently, Fefie's conviction is affirmed. There were problems with the sentencing procedure, however. We remand for resentencing. The only errors patent we found were in regard to the sentencing.

ASSIGNMENT NO. 1
Fefie contends that the confidential informer (hereinafter called "C.I.") was more than a mere tipster. The C.I. pointed Fefie out to the undercover officer who was there to make a purchase. The C.I. made an introduction and was present during the transaction, wherein the undercover officer paid $1,000.00 to Fefie for an amount of crack cocaine; however, the C.I. did not play a crucial role in the sale. He did not participate in either the exchange of money or contraband and said nothing to either the undercover officer or Fefie after introducing them to each other.
Fefie was not immediately arrested because a narcotics investigation was ongoing.
As a general rule, the state is permitted to withhold the identity of an informer. See State v. James, 396 So.2d 1281 (La.1981); State v. Quetant, 466 So.2d 567 (La.App. 5 Cir.1985); and State v. Jones, 587 So.2d 787 (La.App. 3 Cir.1991), writs denied at 590 So.2d 78 (La.1991).
This privilege protects the public interest and also law enforcement by encouraging persons to supply information to the police without fear of reprisal. Only when a defendant's right to prepare a defense is prejudiced should the informer be identified. See State v. James, supra. To gain disclosure, an accused must demonstrate exceptional circumstances. See also State v. Davis, 411 So.2d 434 (La.1982).
Fefie argues that he was unable to present an entrapment defense because, according to his brief, "... he did not know the name of the confidential informant so he could not know what was said to him to convince him to proceed with the transaction..." and "... he was unable to confront the confidential informant in any manner." Also, Fefie contends that without knowing who the C.I. was he (Fefie) "... was unable to contradict the testimony of the detectives ..."
These are not exceptional circumstances. Fefie could have testified about what the *1238 C.I. said and his trial attorney cross-examined the detective at length about the C.I. Fefie took the witness stand only to say, under oath and with the jury excused, that he understood his right to testify but that he was waiving this right.
At trial on January 5 and 6, 1994, the state presented the testimony of a forensic analytical chemist employed by the Drug Enforcement Administration and also the testimony of two police officers, Reginald Jacque and Lon Boudreaux. Jacque is a member of the New Orleans Police Department's narcotics unit while Boudreaux is a City of Gretna officer; both were assigned to the New Orleans Drug Enforcement Task Force.
After the C.I. introduced Jacque to Fefie, the C.I. said or did nothing. The facts and circumstances presented here are fairly common to almost all cases involving the testimony of confidential informants.
Fefie's right to prepare and submit an entrapment defense was not prejudicial; at the very least, exceptional circumstances sufficient to upset the privilege shielding confidential informants were not shown.

ASSIGNMENT NO. 2
In this assignment of error, Fefie argues that at numerous times during the testimony, the trial judge allowed police officers to testify that they knew Fefie from prior investigations, thus constituting indirect reference to other crimes. Fefie cited four examples.
When detective Jacque was testifying, he said that "... the subject (Fefie) was a little apprehensiveI later learnedabout doing deals with people he didn't know." Defense counsel objected because of hearsay, and the trial judge admonished the jury to disregard the witness' remark. Defense counsel did not request further relief.
When detective Boudreaux was testifying, he said that he had "... known (Fefie) through previous investigations." A reference by a police officer to prior contact with a defendant is not a reference to other crimes committed by him. See State v. Washington, 430 So.2d 641 (La.1983); and State v. Hobdy, 494 So.2d 1321 (La.App. 2 Cir.1986), writs denied at 502 So.2d 110 (La. 1987). In any event, Fefie's defense counsel did not ask for an admonition.
Boudreaux also testified that when the investigation of Fefie was instituted, he (Boudreaux) didn't have to check on who Fefie was because "... I knew the person existed." This testimony was elicited during cross-examination. Defense counsel neither objected to this testimony nor asked for an admonition. The fact that a policeman has "known" a person for a number of years does not imply that that person has committed other crimes. See State v. Green, 409 So.2d 563 (La.1982).
Lastly, Fefie complains about Boudreaux saying that the C.I. knew that the police were "... interested in doing an investigation on Mr. Fefie..." As in the previous instance, this testimony came out on cross-examination and was not objected to.
This assignment of error is without merit.

ASSIGNMENTS 3, 4 AND 5
These assignments of error relate to the sentencing procedure. It does not appear, from the record, that Fefie was adequately advised of his rights prior to stipulating to the multiple offender bill of information. The record also does not indicate that Fefie's original sentence was vacated before sentence was imposed pursuant to the multiple offender bill.
We remand only for resentencing.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.