| ] BYRNES, Judge.
The state requests a review of the tidal court’s ruling which ordered the state to produce the confidential informant so that the defense has an opportunity to question the confidential informant prior to the trial in this matter.
Generally, the state is permitted to withhold the identity of the informant; only when the defendant’s right to prepare the defense is prejudiced, should the informer be identified. La.C.Cr.P. art. 723; State v. Fefie, 96-605 (La.App. 5 Cir. 3/25/97), 692 So.2d 1236. The state’s privilege of withholding the identity of an informant protects the public interest and also law enforcement by encouraging persons to supply information to the police without a fear of reprisal. Id. at 1237. Discovery rules (La.C.Cr.P. art. 716 et seq.) are intended to eliminate unwarranted prejudice which could arise from surprise evidence. State v. White, 430 So.2d 171 (La.App. 2 Cir.1983), writ denied, 433 So.2d 1055 (La.1983). Unless contrary to law, rulings of the trial court in pretrial matters are generally shown great deference absent a clear showing of an abuse of discretion. State v. Walters, 408 So.2d 1337 (La.1982).
Although the defendant does not have the right to the names and addresses of state witnesses, discovery of this information is not prohibited where there has been |2a determination that there exists exceptional circumstances and peculiar, distinctive reasons why fundamental fairness dictates discovery. State v. Ondek, 584 So.2d 282 (La.App. 1 Cir.1991), writ denied, 586 So.2d 539, reconsideration denied, 588 So.2d 1107 (La. 1991). If the government informant is the sole participant in the transaction charged, the confidential informant’s identity must be disclosed. State v. Clark, 553 So.2d 1020 (La.App. 4 Cir.1989); State v. Degruy, 96-1463 (La.App. 4 Cir. 5/14/97), 696 So.2d 580.
Because the informant participated in the drug transaction for which the defendant is charged in the present case, the state divulged the name of the confidential informant; however, the state did not supply the informant’s address. The defendant asserts that the informant is the only witness with direct evidence so that the defense’s adequate trial preparation includes having the opportunity to interview the state’s witness. The state does not have a duty to produce the confidential informant prior to trial for the sole reason to give the defendant access to him. The informant is no longer confidential because the state supplied the defendant with his identity in the present case. The informant should be treated as any other witness subject to the same discovery rules where the state could be ordered to furnish information, including a witness’s criminal record.
In the present ease the hearing transcript dated October 5, 1998 shows that the trial court ordered the state “to provide [the defense] with the conviction record of that witness [the informant].” There is no showing that the state is unwilling to provide this information. The state does not oppose the trial court’s additional order which was expressed by the defendant “that the State provide [the defense] Rwith information regarding any compensation or deal or anything along those lines that the confidential informant has or will receive from the State or any other law enforcement agency in exchange for his testimony at this trial.” The state supplied the facts that the informant had been compensated by payment of $200 for the first incident and $300 for the second incident when the informant provided information. Other disclosures concerning any other type of compensation for the informant’s testimony, as well as the informant’s conviction record were forthcoming. The state disclosed the fact that the infor *748 mant was equipped with a concealed transmitter and provided with $350 to purchase the heroin during the transaction for which the defendant is charged. The state provided information that the defendant sold the confidential informant twelve tin foil packets. Considering the information which is available to the defense, access to the informant prior to trial is not essential to the defense’s trial preparation. Under the circumstances the defendant is not deprived of the opportunity to prepare adequately.
The trial court’s ruling ordering the state to produce the confidential informant for questioning by the defense prior to trial is unprecedented. Considering the parties’ interests, public policy protects the informant from reprisal or retaliation where the defense can adequately prepare for trial. Therefore, where as in the present case the defendant is able to adequately prepare for trial, to require the state to present the confidential informant prior to trial would be an unwarranted extension of the defendant’s right to the informant’s name and address.
Furthermore, if it were the intention of the trial court to use this order to ^produce the confidential informant as a means of sanctioning the district attorney for what the trial court may have viewed as conduct less than totally forthcoming, then the end does not justify the means. It is inappropriate to risk endangering the confidential informant for such purposes. In other words, we should not punish the confidential informant for whatever shortcoming we may perceive in the actions of the district attorney.
As previously pointed out, in the present case the state is providing the defendant with substantial information about the confidential informant. With this information, the defendant is not deprived of the right to prepare adequately for trial.
Accordingly, the ruling of trial court is reversed, and the case is remanded for further proceedings.

REVERSED AND REMANDED.

PLOTKIN, J., concurs.
MURRAY, J., dissents with reasons.