729 So.2d 29 (1999)
STATE of Louisiana
v.
Paul A. PETTA.
No. 98-KA-745.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Bertha M. Hillman, Thibodaux, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges CHARLES GRISBAUM, EDWARD A. DUFRESNE, and THOMAS F. DALEY.
DALEY, Judge.
The defendant has appealed his conviction on two counts of distribution of heroin.
Paul A. Petta was indicted by the Jefferson Parish Grand Jury with two counts of distribution of heroin, a violation of LSR.S. 14:966 A. Count one alleged that the defendant distributed heroin on May 16, 1996, and count two alleged that the defendant distributed heroin on May 21, 1996.
Defense counsel filed various pretrial motions, including a Motion to Suppress Evidence, and a Motion to Release Name and Address of Confidential Informant. The trial court denied the Motion to Disclose the Identity of the Confidential Informant, as well as *30 the defendant's Motion to Suppress Evidence. Immediately thereafter, the defendant filed a motion to proceed pro se.
The trial court found the defendant capable of representing himself and granted his motion to proceed pro se. The trial court appointed an attorney to assist the defendant. The defendant filed pro se motions for discovery. The state in response to defendant's discovery concerning a confidential informant stated that a confidential informant did not initiate the alleged drug transaction, and that the confidential informant was "not present for either counts." The trial court denied the defendant's pro se motion for disclosure of the confidential informant's full name and address.
The state filed a "Notice of Intent to Use Evidence of Other Crimes," which included notice that the state intended to introduce evidence demonstrating that on May 14, 1996, the defendant distributed heroin to Agent Wayne Couvillion.
The defendant was tried before a twelve-person jury. At the conclusion of the trial, the jury unanimously found the defendant guilty as charged. The defendant filed various pro se post-trial motions, including a motion for a new trial. The post trial motions were denied; thereafter, the defendant was sentenced to serve life imprisonment at hard labor, without the benefit of probation or suspension of sentence on each count. The sentences are to run concurrently with each other and with any parole violation.
The defendant filed a written motion for appeal, which the trial judge granted on the same date. On appeal the defendant, appellant, contends: (1) the trial court erred in denying the defense motion to reveal the identity of the confidential informant; and (2) that the evidence did not disprove the defense of entrapment.

FACTS
Agent Wayne Couvillion, an undercover narcotic's officer for the Jefferson Parish Sheriff's Office, was introduced to the defendant, Paul Petta, by a confidential informant named Keith, on May 14, 1996. At that meeting, Agent Civilian requested to purchase heroin from Mr. Petta. Agent Couvillion gave Mr. Petta $175 and instructed Mr. Petta to page him after he obtained the drugs. A few hours later, Agent Couvillion received a page, returned to Mr. Petta's apartment and was given eight foil packets which tested positive for heroin.
On May 16, 1996, Agent Couvillion called Mr. Petta and asked to purchase another $175 worth of heroin. Mr. Petta agreed and Agent Couvillion went to Mr. Petta's apartment to give him the money. A few hours later, after being paged, Agent Couvillion returned to Mr. Petta's apartment and obtained the drugs.
The next contact between Agent Couvillion and Mr. Petta was the result of Agent Couvillion being paged from Mr. Petta's apartment. Agent Couvillion returned the page and another purchase was set up on May 21, 1996. This purchase was completed in the same manner as the two previous purchases.
Agent Couvillion was again paged by someone at Mr. Petta's apartment on May 27, 1996. This page was returned on May 28, 1996 and a purchase for $350 worth of heroin was arranged between Agent Couvillion and Mr. Petta. Agent Couvillion met Mr. Petta's girlfriend, Catherine Bonicard[1], in the parking lot of Mr. Petta's apartment, and gave her the money. A few hours later, Agent Couvillion was paged to return to the apartment for the heroin. When Agent Couvillion returned, he was accompanied by other narcotics officers, who searched Mr. Petta's apartment, and arrested Mr. Petta and Ms. Bonicard. Mr. Petta was charged with two counts of distribution of heroin, stemming from the transactions of May 16 and 21, 1996.
In his opening statement, the defendant told the jury that he did sell heroin to the undercover officer, but he was entrapped into doing so by the confidential informant and the officer. The defendant took the stand and testified that he had been a heroin addict for numerous years but never sold heroin. On May 8, 1996, he decided to stop using *31 heroin. He began experiencing withdrawal symptoms, which made him sick. He claimed the informant and Agent Couvillion knew he was a drug addict and approached him at a time when he was weak because he was trying to kick his heroin habit on his own. The defendant testified that he had known the informant, Keith, for approximately four months prior to May 14, 1996. He did not know Keith's last name or address. He explained that Agent Couvillion and Keith came to his apartment unannounced on May 14, 1996, at which time Keith requested he obtain heroin for him. He claimed that Keith gave him two packets of heroin in the bathroom and told him that if he would obtain more heroin, he would give the defendant two more packets of heroin. After purchasing ten packets of heroin, he and Keith shared two packets of heroin.
The defendant urged his entrapment defense throughout the trial, but this defense was rejected by the jury, which unanimously found the defendant guilty.

DISCUSSION
In his first assignment of error, the defendant contends the trial judge erred in denying his motion to reveal the identity of the confidential informant. Defendant admitted to distributing heroin on May 16 and May 21, but claims that while he was experiencing withdrawals in an attempt to quit using the drug, he was entrapped into selling heroin to Agent Couvillion. Mr. Petta claims that the testimony of the confidential informant was crucial to his defense of entrapment in that the informant could have provided testimony that the informant induced him to sell heroin to Agent Couvillion by promising him heroin for his own use. The defendant contends that because of the absence of the informant's testimony, the jury was forced to weigh the credibility between himself and Agent Couvillion. He claims the informant's testimony would have assisted the jury by adding additional, less biased testimony.
In State v. Fefie, 96-605, (La.App. 5th Cir. 3/25/97), 692 So.2d 1236, the defendant argued that he was unable to present an entrapment defense because he did not know the name of the informant, so he could not know what was said to him to convince him to proceed with the transaction and he was unable to confront the informant and contradict the officers' version of the events. This Court refused to reverse the conviction, finding there were no exceptional circumstances because the defendant himself could have testified regarding the informant's statements and because the officer was thoroughly questioned regarding the informant. The Court noted that the informant did not play a crucial role in the transaction in that he did not participate in the exchange of money or contraband.
We find that the confidential informant in the case before us did not play a crucial role in any of the four drug transactions discussed during the defendant's trial. The testimony of Agent Couvillion established that the informant merely introduced him to the defendant and that it was Agent Couvillion, rather than the informant, who negotiated the heroin deal with the defendant. Although during the May 14, 1996 purchase, the contraband was handed to the informant, rather than Agent Couvillion, the testimony established that the informant immediately handed the drugs to Agent Couvillion. Agent Couvillion testified that he handed the money directly to the defendant. Moreover, Agent Couvillion testified that there was another couple present at defendant's apartment during the May 14, 1996 purchase. Mr. Petta could have called this couple to the stand, as well as his co-defendant, Ms. Bonicard to support his claim of entrapment.
The defendant and Agent Couvillion testified that the confidential informant was not present for the May 16 and 21, 1996 purchases. Additionally, Agent Couvillion testified that the defendant contacted him to set up the May 21 and 28 purchases.
We find this assignment of error to be without merit especially in light of the fact that the defendant knew the confidential informant and shared drug activities with him prior to these drug transactions.
In his second assignment of error, the defendant contends he proved by a preponderance of the evidence that was entrapped to participate in this drug transaction.
*32 The defense of entrapment was discussed at length by the Supreme Court in State v. Brand, 520 So.2d 114 at 116 in which the Court stated:
Entrapment is a defense which arises when a law enforcement official or an undercover agent acting in cooperation with such an official, for the purpose of obtaining evidence of a crime, originates the idea of the crime and then induces another person to engage in conduct constituting the crime, when the other person is not otherwise disposed to do so. The defense is designed to deter the police from implanting criminal ideas in innocent minds and thereby promoting crimes which would not otherwise have been committed. Obviously, law enforcement agents should not persuade citizens to commit crimes, and the defense is recognized to prevent shocking police inducement of the perpetration of a crime.
Entrapment is an affirmative defense. Thus, the burden was on defendant to prove entrapment by a preponderance of the evidence. The question whether the government agent implanted the criminal idea in the mind of an innocent person to induce the commission of a crime that would not otherwise be committed is one for the jury.
The entrapment defense will not be recognized when the law enforcement official merely furnishes the accused with an opportunity to commit a crime to which he is predisposed. In entrapment cases, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal. Thus, the focus in determining an entrapment defense is on the conduct and predisposition of the defendant, as well as the conduct of the government agent.
Citations omitted.
On appeal, contentions of entrapment are reviewed pursuant to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Hardy, 98-25, (La.App. 5th Cir. 5/13/98), 715 So.2d 466. We must first determine if the defendant proved by a preponderance of the evidence that he was induced to commit the crime. Id. If we find the defendant carried his burden of proof, the next inquiry is whether the state adduced evidence of the defendant's predisposition to commit the crimes such that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that it was the defendant's predisposition to commit the crime, rather than the state's inducement which cause the defendant's conduct.
Mr. Petta admits he sold heroin. He testified that he was approached by Keith, his drug addict friend-turned informant, who introduced him to undercover Agent Couvillion and asked him to purchase drugs. He admits that on at least two occasions he took money, purchased heroin, kept some of the drugs for his own use and delivered the rest to Agent Couvillion. He claims he was entrapped because he was given heroin as compensation for obtaining heroin for Agent Couvillion. Agent Couvillion testified that neither he nor the informant promised or gave the defendant anything to induce the heroin sales. While there is conflicting testimony concerning whether Mr. Petta was induced into selling heroin, the record contains several indications that Mr. Petta was predisposed to distributing heroin. Mr. Petta testified that he told the undercover agent, "Now if you [are] gonna give me something I'll do it cause I know you're not supposed to give me nothing. If you gonna give me something I'll go take care of your business."
A rational trier of fact viewing the evidence in the light most favorable to the prosecution, could easily have found the defendant's own predisposition caused him to participate in the sale of heroin. The defendant failed to carry his burden of proving entrapment.
Our review of the record for errors patent, revealed that the trial judge failed to properly advise the defendant of the prescriptive period for seeking post-conviction relief as mandated by C.Cr.P. art. 930.8(C). In attempting to comply with this provision at the conclusion of the sentencing, the trial judge told the defendant he had three years from the date of conviction, "three years from today," to file an application for post-conviction relief. The three-year *33 prescriptive period commences when the judgment and sentence become final. C.Cr.P. art. 930.8(A). Accordingly, this matter is remanded to the trial court to send the defendant written notice of the correct time period in accordance with State v. Carter, 96-358, (La.App. 5th Cir. 11/26/96), 685 So.2d 346.
For the foregoing reasons, the appellant's conviction and sentence are affirmed. This matter is remanded for compliance with C.Cr.P. art. 930.8(C).
CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED.
NOTES
[1] Ms. Bonicard was tried with the defendant and was found guilty of one count of attempted possession of heroin. She is not involved in this appeal.