|?SUSAN M. CHEHARDY, Judge.
On March 17, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kirtin L. Durapau, with violating La. R.S. 14:56 by committing simple criminal damage between $500 and $50,000 to a 1992 Honda Accord belonging to Susie Campbell. On November 13, 2000, the matter proceeded to trial before a six-member jury. The following day, the jury returned a unanimous verdict of guilty as charged.
On December 15, 2000, defendant filed a motion for new trial, which was denied. After defendant waived sentencing delays, the trial judge sentenced the defendant to two years at hard labor, which was suspended, and placed defendant on ten years active probation with special conditions. He immediately filed a motion to reconsider sentence, which was denied. Defendant also filed a motion for appeal that day.
On appeal, defendant asserts that his sentence is illegal because the imposed probationary term exceeds the maximum term allowed by law. He asks this Court to correct his sentence by reducing the probationary term or, alternatively, to vacate his conviction and sentence and remand for further 13proceedings. We have reviewed his assignment of error and, for the following reasons, we affirm his conviction and remand for re-sentencing.

FACTS

Prior to July 1999, defendant and Susie Campbell were involved in a romantic relationship and Campbell became pregnant. Defendant did not want children so he encouraged Campbell to have an abortion, which she did. The couple ended their relationship at that time.
A few months later, defendant’s sister-in-law saw Campbell and, from Campbell’s appearance, believed her to still be pregnant. In fact, defendant’s sister-in-law claimed that Campbell told her that day that she was seven months pregnant. Defendant contacted Campbell, who said that she had not had an abortion. Although defendant did not see Campbell during this time, he was given reports about Campbell and “their baby” by his brother and other relatives who saw Campbell with an infant around that time.
Later, when defendant persisted in his efforts to visit “their baby,” Campbell resisted, contacted the police, and reported his attempts to contact her as stalking. On the evening of July 23, 1999, defendant went to Campbell’s house to see the baby and she refused. He struck her in the face, which knocked her to the ground. Campbell called 911 and defendant was arrested that night.[1]
After that, defendant hired an attorney to establish the child’s paternity and, if the tests indicated he was the child’s father, to protect his right to visitation. On September 28, 1999, during the hearing on the paternity and visitation issue, Campbell admitted that she had, in fact, aborted defendant’s child and the baby that defendant’s relatives had seen her with (and believed to be defendant’s child) was, in fact, her nephew.
|4After that hearing, defendant and his family were very angry. As a result, *1054 Campbell spoke with an assistant district attorney who put “a stay away order” on defendant. At trial, Campbell testified that, in the early morning hours of September 29, 1999, defendant came to her home and, using a weight wrapped in a towel, destroyed the front and rear windshields of her car, causing approximately $919.93 in damage. At trial, defendant testified on his own behalf and denied destroying the windows in Campbell’s car.

DISCUSSION

In his first assignment of error, defendant asserts, and the State concedes, that the trial judge erred when he placed the defendant on ten years of active probation. We agree.
LSA-C.Cr.P. art. 893, which provides for suspension of sentence and probation in felony cases, states, in pertinent part:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor ..., may suspend, in whole or in part, for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law and in either case place the defendant on probation under the supervision of the division of probation and parole. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal. (Emphasis added).
If a trial judge does not impose a sentence authorized or directed by law, the sentence is illegal. State ex rel Hebert v. Henderson, 290 So.2d 832, 835 (La.1974); State v. Scott, 511 So.2d 828, 829 (La.App. 5 Cir.1987). An illegal sentence is subject to correction at anytime. La.C.Cr.P. art. 882; State v. Bates, 462 So.2d 158 (La.1985). An appellate court is authorized to correct an illegal sentence when the exercise of sentencing discretion is not involved. State v. Fraser, 484 So.2d 122, 124 (La.1986).
| BThe sentence in the present case is illegal on its face because the imposed probationary period exceeds the five-year statutory maximum allowed under La. C.Cr.P. art. 893(A). Because the correction of this error necessarily involves discretion by the trial court, we remand to the trial court for re-sentencing in compliance with La.C.Cr.P. art. 893.
In his second assignment of error, defendant asks that the record be reviewed for errors patent. Our review, pursuant to La.C.Cr.P. art. 920, reveals one error.
Although the commitment indicates that the trial judge informed the defendant of the proper prescriptive period for seeking post conviction relief, the transcript does not. Where there is a discrepancy, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
LSA-C.Cr.P. art. 930.8 provides that a court shall not consider an application for post conviction relief, including applications which seek an out-of-time appeal, if the application is filed more than two years after the judgment of the conviction and sentence has become final. Therefore, we remand with instructions to the trial court to advise defendant of the provisions of LSA-C.Cr.P. art. 930.8 at his re-sentencing. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RE-SENTENCING.

. That charge, however, is not the subject of this appeal.