## Commonwealth *vs.* Crystal Mello.

Suffolk. January 5, 2009. - May 11, 2009.

Present: Marshall, C.J., Ireland, Spina, Cowin, & Botsford, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Disclosure of identity of informer. *Entrapment.*

A Superior Court judge hearing a discovery motion filed by the defendant in a criminal matter erred in ordering the Commonwealth to reveal whether a confidential informant was acting as an agent or at the discretion of the Commonwealth and whether the informant was provided with any consideration in exchange for her alleged assistance, on the ground that it was material to the defendant's claim of entrapment, where the evidence produced by the defendant (i.e., that the informant made repeated efforts to persuade the defendant to meet an undercover police officer, and that the informant asked the defendant to give drugs to the officer) did not, without more, amount to the kind of inducement necessary for a claim of entrapment. [762-765]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on January 9, 2008.

The case was heard by *Cordy,* J.

*Timothy A. Shyne,* Assistant District Attorney, for the Commonwealth.

*Stephen B. Hrones* for the defendant.

Botsford, J. The Commonwealth brought this petition pursuant to G. L. c. 211, § 3, in the county court, seeking reversal of an order of a judge in the Superior Court. The order, made in response to a discovery motion filed by the defendant, required the Commonwealth to reveal whether a person, identified as C.G., was acting as an agent or at the direction of the Commonwealth and whether she was provided with any consideration in exchange for her alleged assistance. The motion judge ordered disclosure of the requested information on the ground that it was material to an entrapment defense raised by the defendant. A single justice affirmed in relevant part the motion judge's

disclosure order, and the Commonwealth appeals. We vacate the order of the Superior Court judge.

1. *Background.* The defendant stands indicted on three charges of unlawful possession with intent to distribute a class B substance, oxycodone, in violation of G. L. c. 94C, § 32A (*c*); one charge of trafficking in oxycodone, in violation of G. L. c. 94C, § 32E (*c*); and one charge of unlawful possession of a class C substance, lorazepam, in violation of G. L. c. 94C, § 34. On August 23, 2007, the defendant filed her motion seeking disclosure whether C.G. was working as a government agent and whether the government had provided C.G. with any promises, rewards, or benefits. The defendant argued in the motion that she had a right to this information because it was material to a viable entrapment defense. In the affidavit she filed in support of the motion, the defendant stated the following:

> "[C.G.], an acquaintance of mine, continually told me she had someone she wanted me to meet named Ryan. I told her I had health issues and didn't want to get involved with anybody at that time. She called me again and urged me to reconsider meeting Ryan. I finally agreed to do so. At the first meeting on December 2, 2006, Ryan requested a pain killer to ease his back pain. [C.G.] said she didn't have any and asked if I would give him one, which I did. I handed it to [C.G.] and she gave it to Ryan. [C.G.] promised to give me one back. Ryan then called me on December 13, 2006, and begged me to help him out as he could not get in to see his doctor. I told him to see his friends [C.G.] and Shawn to help him out. He said he couldn't get a hold of them and that he would give me back the meds he borrowed after he saw his doctor. I met him at Eagles and gave him two pills of [O]xycontin.

> "The pressure continued until my arrest. On December 16, 2006, Ryan called me to meet him again. I said I was too sick to do so. He was not happy. He called a second time and pleaded with me to help him out. On December 20, 2006, he again called me twice. I turned him down again but he pleaded even more strongly that he was in pain and needed the pill."

There is no dispute that the "Ryan" referred to in the affidavit

was an undercover police officer.[1]

On September 25, 2007, the judge allowed the defendant's motion for disclosure; the Commonwealth moved for reconsideration. On December 7, 2007, the judge denied the Commonwealth's motion to reconsider, ruling that disclosure was appropriate, citing *Commonwealth* v. *Madigan*, 449 Mass. 702 (2007) (*Madigan*). The Commonwealth then filed its petition for relief pursuant to G. L. c. 211, § 3, in the county court, and thereafter filed a timely appeal in this court from the order of the single justice.

2. *Discussion.* "The government's privilege not to disclose the identity of an informant has long been recognized in this Commonwealth." *Commonwealth* v. *Dias*, 451 Mass. 463, 468 (2008), citing *Worthington* v. *Scribner*, 109 Mass. 487, 488 (1872). The privilege serves a "substantial, worthwhile purpose in assisting the police in obtaining evidence of criminal activity." *Madigan*, 449 Mass. at 706, quoting *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981). It has also been recognized that there are limits on the scope of this privilege, defined by the "fundamental requirements of fairness" to the defendant and her right to prepare a defense. *Roviaro* v. *United States*, 353 U.S. 53, 60 (1957). See generally Mass. G. Evid. § 509(a)(2), at 116-119 (2008-2009).

Where a defendant seeks disclosure of otherwise privileged information to support an entrapment defense, the question is whether the defense has been "appropriately raised . . . by the introduction of some evidence of inducement by a government agent or one acting at his direction." *Madigan*, 449 Mass. at 707, quoting *Commonwealth* v. *Miller*, 361 Mass. 644, 651-652 (1972).[2] See also Mass. G. Evid. § 509(a)(2), at 119.

The Commonwealth concedes that the defendant's affidavit

---

[1]In its brief, the Commonwealth includes factual statements for which it gives no record references, and that we could not locate in the record. These statements appear to dispute in some respects the contents of the defendant's affidavit. It is not appropriate to allege facts that are not in the record on appeal, and we have not considered the Commonwealth's statements. We have confined ourselves to the defendant's affidavit, which is in the record, and we accept it as true for purposes of this case.

[2]The focus, for disclosure purposes, is solely on inducement. The question whether the defendant was predisposed to commit the crime is not in issue, because "[w]hen evidence of inducement has been entered [at trial], the

contains enough information about Ryan's "coercive, repeated, and sympathy filled requests to purchase narcotics from the defendant" to meet the threshold test for showing "inducement" and indeed "would likely qualify for an entrapment instruction at trial." The Commonwealth argues, however, that the affidavit's description of C.G. presents a different story. With respect to C.G.'s request that the defendant meet Ryan, the Commonwealth notes that the affidavit does not state that C.G. asked the defendant to meet Ryan for some illegal purpose. As for C.G.'s request that the defendant give Ryan a painkiller, the Commonwealth argues that this was "mere solicitation" and that "no entrapment exists 'if the accused is ready and willing to commit the crime whenever the opportunity might be afforded.' " *Commonwealth* v. *Miller*, 361 Mass. at 651, quoting *United States* v. *Groessel*, 440 F.2d 602, 605 (5th Cir.), cert. denied, 403 U.S. 933 (1971). The Commonwealth concludes that the defendant has not shown that C.G.'s conduct possessed "indicia of inducement" as required by *Madigan*.[3]

The defendant counters that the Commonwealth errs in focusing on the allegations concerning C.G.'s conduct in isolation from the allegations concerning the conduct of Ryan, whom the Commonwealth has conceded is an agent of the government. The defendant argues in particular that the contents of her affidavit demonstrate that the conduct of C.G. and Ryan must be viewed together as intertwined parts of one whole. She further claims that because the Commonwealth does not deny that Ryan's actions are sufficient to posit inducement by the government, discovery about C.G.'s cooperative role in this government inducement effort is required. We disagree.

The defendant's affidavit begins with a description of C.G.'s efforts to persuade the defendant to meet Ryan. These efforts

burden rests upon the Commonwealth to prove beyond a reasonable doubt the predisposition of the defendant to commit the crime." *Commonwealth* v. *Miller*, 361 Mass. 644, 652 (1972). See *Commonwealth* v. *Shuman*, 391 Mass. 345, 352 (1984).

[3] "The types of conduct that possess the indicia of inducement include 'aggressive persuasion, coercive encouragement, lengthy negotiations, pleading or arguing with the defendant, repeated or persistent solicitation, persuasion, importuning, and playing on sympathy or other emotion.' " *Commonwealth* v. *Madigan*, 449 Mass. 702, 708 (2007), quoting *Commonwealth* v. *Tracey*, 416 Mass. 528, 536 (1993).

are described as persistent, but there is no suggestion that C.G. ever told the defendant that she wanted the defendant to meet Ryan in order to sell him drugs or commit any other kind of crime. Repeated efforts to persuade a defendant to meet someone' who is an undercover police officer, without more, does not amount to the kind of inducement necessary for a claim of entrapment.[4] Contrast *Madigan*, 449 Mass. at 708 (defendant's affidavit supporting request for discovery concerning government informant stated informant had been "cultivating [him] as a potential [drug] seller" to undercover officer for some time, and persistently requested that defendant sell drugs to officer even after introduction).

The affidavit also places C.G. at the first meeting between the defendant and Ryan. At that meeting, however, C.G. simply "asked" the defendant to give Ryan a painkiller, and promised to "give [the defendant] one back." Asking the defendant to sell or give drugs to someone else, without more, also fails to indicate inducement. See *Commonwealth* v. *Tracey*, 416 Mass. 528, 536 (1993) ("The threshold for a defendant to raise the entrapment issue is low, but the defendant must show more than mere solicitation"); *Commonwealth* v. *Thompson*, 382 Mass. 379, 385-386 (1981); *Commonwealth* v. *Miller*, 361 Mass. at 651-652. Moreover, even if we were to consider in tandem the conduct of C.G. and Ryan at that December 2 meeting, doing so proves little, because the defendant has not been charged with committing any offense on December 2, 2006.[5] Rather, the charged offenses are alleged to have occurred on December 13, 16, and 20, 2006, a week-long

---

[4]Courts generally hold that merely introducing a defendant to a government agent is not relevant or material to the defense of entrapment. See, e.g., *United States* v. *McDonald*, 935 F.2d 1212, 1217 (11th Cir. 1991); *United States* v. *Toro*, 840 F.2d 1221, 1232 (5th Cir. 1988); *United States* v. *Ortiz*, 804 F.2d 1161, 1166-1167 (10th Cir. 1986); *State* v. *Petta*, 729 So. 2d 29, 31 (La. Ct. App. 1999), cert. denied, 528 U.S. 1125 (2000).

[5]The defendant may be suggesting that the Commonwealth declined to charge her with any crime related to the events of December 2, 2006, to avoid being required to disclose C.G.'s identity, and that in doing so, the Commonwealth has acted improperly. The suggestion is without merit. It is true that if the defendant were charged with a crime relating to the alleged distribution of a "painkiller" on December 2, the Commonwealth would probably be required to disclose C.G.'s identity as a percipient witness. See *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. 499, 501, 502-503 (1973). See also *Commonwealth* v. *Lugo*, 406 Mass. 565, 572 (1990). But there is of course no obligation on

period that began eleven days after December 2. The defendant's affidavit describes interactions between the defendant and Ryan on these three later dates, but it does not mention C.G. as a participant in or even present at any of them.

The defendant must produce some evidence that C.G. induced her to commit the crimes charged, or that C.G. participated in Ryan's inducement of those charged crimes, if C.G.'s conduct is to play a role in her entrapment defense. *Commonwealth* v. *Miller,* 361 Mass. at 651-652. She failed to do so; the temporal gap between C.G.'s involvement in the alleged inducement of the defendant and the dates of the charged offenses, and the extremely limited nature of that involvement to begin with, defeat her claim. We therefore conclude that there is no basis to disregard the government's privilege against disclosure of C.G.'s identity.

3. *Conclusion.* The judgment in the county court denying the Commonwealth's G. L. c. 211, § 3, petition is vacated. A new judgment is to enter allowing the Commonwealth's petition, vacating the order in the Superior court compelling the requested discovery, and denying the defendant's discovery motion.

*So ordered.*

the government's part to charge a person with every possible crime that he or she may have committed. See *Commonwealth* v. *Koulouris,* 406 Mass. 281, 281-285 (1989) (defendant engaged in three drug transactions on different dates with undercover government agent allegedly engaged in inducing defendant's participation; indictments pertained only to two later transactions).