WINDHORST, J.
On appeal, defendant's appointed appellate counsel filed an Anders [1] brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. Defendant, Bernard Lampton, filed a pro se supplemental brief arguing two assignments of error. For the reasons that follow, we affirm defendant's convictions and sentences on counts one through five and counts seven through nine, affirm defendant's conviction on counts six, vacate defendant's sentence on count six, and remand to the trial court for resentencing on count six. We further grant appellate counsel's motion to withdraw as counsel of record.
Procedural History
On August 27, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Bernard J. Lampton, with two counts of attempted first degree murder in violation of La. R.S. 14:27:30 (counts one and two), two counts of felon in possession of a firearm in violation of La. R.S. 14:95.1 (counts three and four), possession of a stolen firearm in violation of La. R.S. 14:69.1 (count five), aggravated flight from an officer in violation of La. R.S. 14:108.1C (count six), conspiracy to distribute heroin in violation of La. R.S. 40:979 and La. R.S. 40:966A (count seven), possession with the intent to distribute cocaine in violation of La. R.S. 40:967A (count eight); and possession with the intent to distribute heroin in violation of La. R.S. 40:966A (count nine). On August 28, 2014, defendant pled not guilty at his arraignment. Defendant filed numerous motions, including a motion for preliminary hearing, and motions to suppress evidence, statement, and identification.
On February 9, 2015, defendant withdrew his not guilty pleas and pled guilty as charged.[2] The trial court sentenced defendant to twenty-five years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on counts one and two; twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on counts three and four; five *240 years imprisonment at hard labor on counts five and six; twenty-five years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count seven; twenty-five years imprisonment at hard labor with the first two years without the benefit of probation, parole, or suspension of sentence on count eight; twenty-five years imprisonment at hard labor with the first ten years without the benefit of probation, parole, or suspension of sentence on count nine. The trial court ordered all sentences to run concurrently with one another and with his sentence in district court case number 14-4626.
On April 5, 2017, defendant filed an application for post-conviction relief, seeking an out-of-time appeal. On June 26, 2017, the trial court granted defendant's request for an out-of-time appeal. This appeal followed.
Facts
Because defendant entered guilty pleas, the underlying facts were not fully developed at a trial. However, during the guilty plea colloquy, the State provided the following factual basis for the guilty pleas:
[O]n July 8th, 2014, Mr. Lampton went to a location to complete a heroin sale that was arranged before the time he arrived with an individual whom he had previously, within that preceding week, engaged in a heroin transaction. Police officers approached him upon arrival. As he sat in his car, the police officers exited their car. Mr. Lampton fired a shot at one of the officers, missing him, striking the officer's vehicle. Mr. Lampton then began driving his car through the police officers and their vehicles striking one of the police officers and knocking him to the side. All officers then began a pursuit with lights and sirens-And, by the way, all those officers had identified themselves as police officers and had their identification clearly displayed. All the officers began pursuit, and that pursuit included more vehicles that had lights and sirens going. During the course of the pursuit, Mr. Lampton made a left to run away, disregarding multiple traffic signals and traveled in excess of thirty miles an hour over the speed limit. Ultimately his car was stopped. When his car was stopped, a quantity of drugs was found in the car. Search along the pathway revealed that one gun was recovered and other drugs were recovered along the path that the vehicle followed. A second gun was fired but not recovered, according to the police investigation. The amounts of drugs that were found, which were both heroin and cocaine, were consistent with an intent to distribute. The only gun that was recovered was a .40 caliber Glock, and that gun was established to have been stolen. At the time that he possessed that Glock and the second gun, which was the gun that was fired at Lieutenant Donald Meunier, Mr. Lampton had previously been convicted of the crime of possession of Ecstasy.
Discussion
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *241 State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[4] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel contends that defendant pled guilty and was sentenced pursuant to a counseled plea agreement and that he did not reserve the right to seek review of any trial court rulings. He argues that there does not appear to be a basis in the record to support a claim that the guilty plea was constitutionally infirm as the plea colloquy and guilty plea form properly advised defendant of his rights. Appellate counsel states that defendant was advised that by pleading guilty he was giving up his rights to an appeal and that his plea is supported by a detailed executed waiver of rights form, including a colloquy with the trial court. Appellate counsel asserts that defendant's plea agreement was advantageous and defendant was sentenced in accordance with the plea agreement.
Appellate counsel filed a motion to withdraw as counsel of record wherein he stated he notified defendant that he filed an Anders brief and that defendant had a right to file a pro se brief in this appeal. Additionally, this Court sent defendant a *242 letter by certified mail informing him that an Anders brief had been filed and that he had until October 19, 2017 to file a pro se supplemental brief. Defendant filed a pro se supplemental brief.[5]
Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462 - 466. Further, as reflected by the minute entries and commitment, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, and sentencing. Thus, there are no appealable issues regarding defendant's presence.
Further, defendant pled guilty in this case. When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La. App. 5 Cir. 03/14/06), 926 So.2d 662, 664. Therefore, it appears that all non-jurisdictional defects were waived.
No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976). Although defendant filed several pre-trial motions, including motions to suppress evidence, statement, and identification, the record does not show that the trial court ruled upon defendant's motions prior to the time defendant pled guilty and defendant did not object. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived.[6] See State v. Corzo, 04-791 (La. App. 5 Cir. 02/15/05), 896 So.2d 1101, 1102. Therefore, defendant's motions are waived.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La. App. 5 Cir. 02/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin [7] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant's guilty pleas. Defendant was aware he was pleading guilty to two counts of attempted first degree murder, two counts of possession of a firearm by a convicted felon, one count of possession of a stolen firearm, one count of aggravated flight from an officer, one count of conspiracy to distribute heroin, one count of possession with the intent to distribute cocaine, and one count of possession with the intent to distribute heroin. In the waiver of rights form and during the colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against *243 self-incrimination as required by Boykin. Defendant signed the waiver of rights form indicating that he understood he was waiving his Boykin rights by pleading guilty. During the colloquy, defendant also stated that he understood he was waiving those rights.
Also during his guilty plea colloquy, defendant stated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant stated that he understood these convictions could be used against him in the future to enhance or increase any future penalties. He was advised during the colloquy and by the waiver of rights form of the minimum and maximum sentences of imprisonment and the actual sentences that would be imposed if his guilty pleas were accepted. After the colloquy, the trial court accepted defendant's pleas as knowingly, intelligently, and voluntarily made.
Defendant's sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 04/11/07), 958 So.2d 36, 46 ; State v. Washington, 05-211 (La. App. 5 Cir. 10/06/05), 916 So.2d 1171, 1173. Further, defendant's sentences for all counts except count six fall within the sentencing range prescribed by the statutes. See La. R.S. 14:27D(1)(a); La. R.S. 14:30 ; La. R.S. 14:95.1B; La. R.S. 14:69.1B(1); La. R.S. 14:108.1E ; La. R.S. 40:797B; La. R.S. 40:967(4)(b) ; La. R.S. 40:966B. Moreover, defendant's plea agreement was beneficial to him in that the sentences were ordered to run concurrently and with district court case number 14-4626, and the State agreed not to file an habitual offender bill of information.
However, the trial court erred in sentencing defendant on count six, aggravated flight from an officer. The transcript reflects that the trial court sentenced defendant on count six to five years imprisonment at hard labor. While the transcript reflects that defendant was advised that the sentencing range had a maximum of two years, his plea agreement and the guilty plea colloquy show that he was advised he would receive five years imprisonment on count six. At the time of the offense, the statute provided for a penalty of imprisonment at hard labor of not more than two years.[8] See La. R.S. 14:108.1E. Therefore, we find that the sentence on count six is illegally harsh because it is beyond the maximum allowed by law.
Pursuant to La. C.Cr.P. art. 882, an appellate court can correct an illegal sentence at any time. An appellate court is authorized to correct an illegal sentence when the exercise of sentencing discretion is not involved. State v. Durapau, 01-511 (La. App. 5 Cir. 10/30/01), 800 So.2d 1052, 1054 ; State v. Ross, 09-431 (La. App. 5 Cir. 11/24/09), 28 So.3d 475, 489-90. The sentence on count six is illegal because it exceeds the two-year statutory maximum allowed under La. R.S. 14:108.1. Because the correction of this error necessarily involves the discretion of the trial court, we vacate defendant's sentence on count six and remand to the trial court for resentencing.
*244 Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.
Pro Se Assignments of Error
In his pro se supplemental brief, defendant contends that "there are legal points arguable on the merits that trial counsel and appellate counsel overlooked." He argues that he had a viable entrapment defense. He contends that the confidential informant in this case, with the aid and inducement of "Agent Clements," persuaded him to commit the crime of conspiracy to distribute heroin, distribution of cocaine, and possession with intent to distribute heroin. He argues that trial and appellate counsel were ineffective because had they investigated or even read the police reports, they would have urged an entrapment defense.
Entrapment is a defense that arises when a law enforcement official or a person acting in cooperation with such an official for the purpose of obtaining evidence of a crime, originates the idea of the crime and then induces the person to engage in conduct constituting the offense when that person is not otherwise disposed to do so. State v. Brand, 520 So.2d 114, 117 (La. 1988) ; State v. Petta, 98-745 (La. App. 5 Cir. 02/10/99), 729 So.2d 29, 32, writ denied, 99-0692 (La. 09/03/99), 747 So.2d 533, cert. denied, 528 U.S. 1125, 120 S.Ct. 956, 145 L.Ed.2d 830 (2000).
The defense of entrapment is composed of two elements, which are (1) an inducement by a state agent to commit an offense, and (2) the lack of defendant's predisposition to commit the offense. State v. Lewis, 01-1084 (La. App. 5 Cir. 03/13/02), 815 So.2d 166, 171, writ denied, 02-1053 (La. 11/15/02), 829 So.2d 424. The defendant has the burden of proving by a preponderance of evidence that a state agent induced him to commit a crime. Id. Once the defendant meets this burden, the State has the burden of proving beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to government involvement. Id. On appeal, contentions of entrapment are reviewed according to the constitutional standard set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Petta, 729 So.2d at 32.
As discussed above, defendant pled guilty and our review of the record reveals no constitutional infirmity in defendant's guilty pleas. Also, our review supports appellate counsel's assertion that there is no basis for a non-frivolous appeal.
Further, defendant argues that both his trial counsel and appellate counsel[9] were ineffective by not investigating his entrapment defense. Defendant does not argue that he would not have pled guilty if his attorney had properly asserted his entrapment defense.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for *245 post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Crochet, 10-387 (La. App. 5 Cir. 02/15/11), 61 So.3d 725, 728-79, writ denied, 12-1158 (La. 11/21/12), 102 So.3d 52 ; State v. Cambre, 05-888 (La. App. 5 Cir. 07/25/06), 939 So.2d 446, 461, writ denied, 06-2121 (La. 04/20/07), 954 So.2d 158. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Armstead, 07-741 (La. App. 5 Cir. 02/06/08), 980 So.2d 20, 24, writ denied, 08-601 (La. 10/03/08), 992 So.2d 1010 ; State v. Taylor, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595. However, when there is sufficient evidence to consider some, but not all, of the allegations of ineffectiveness of counsel before it, this Court has declined to address any of the claims on grounds that they should be addressed in their entirety by the district court on post-conviction relief at an evidentiary hearing. Crochet, 61 So.3d at 728-29 ; State v. Allen, 06-778 (La. App. 5 Cir. 04/24/07), 955 So.2d 742, 750-52, writ denied, 08-2432 (La. 01/30/09), 999 So.2d 754.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that 1) his attorney's performance was deficient, and 2) that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Allen, supra. The error is prejudicial if it is so serious as to deprive the defendant of a fair trial, or of "a trial whose result is reliable." Strickland, supra ; Crochet, supra. In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the case would have been different. Id.
In order to prevail, the accused must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel, because "opinions may differ on the advisability of such a tactic." State v. Singleton, 05-634 (La. App. 5 Cir. 02/14/06), 923 So.2d 803, 811, writ denied, 06-1208 (La. 11/17/06), 942 So.2d 532.
Decisions relating to failure to investigate certain theories or other trial preparation issues require an evidentiary hearing, and cannot be decided in the appeal. State v. Simmons, 13-258 (La. App. 5 Cir. 02/26/14), 136 So.3d 358, 370, writ denied, 14-674 (La. 10/31/14), 152 So.3d 151. Further, only in an evidentiary hearing in the trial court, if warranted, where the defendant can present evidence beyond that contained in the record on appeal, can the allegations be sufficiently investigated. Id. In the present case, upon review, we find the limited record on appeal before us is insufficient to consider defendant's ineffective assistance of counsel claim. Accordingly, we decline to address this assignment of error, which may be raised in post-conviction relief.
Errors Patent Discussion
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals one error patent in this case.
*246 The transcript reflects that the trial judge failed to impose the mandatory fine of not less than $1,000.00 nor more than $5,000.00, for counts three and four as required by La. R.S. 14:95.1B. While an appellate court has the authority to correct an illegal sentence, this authority is permissive rather than mandatory. La. C.Cr.P. art. 882. Defendant pled guilty and is indigent, as evidenced by his representation by the Louisiana Appellate Project. Even though defendant's sentences are illegally lenient because of the lack of a fine, we decline to disturb defendant's sentences on counts three and four. See State v. Boston, 14-632 (La. App. 5 Cir. 12/16/14), 167 So.3d 82, 88, writ denied, 15-0155 (La. 01/08/16), 184 So.3d 691.
Conclusion
For the reasons stated above, we affirm defendant's convictions and sentences on counts one through five and counts seven through nine, affirm defendant's conviction on counts six, vacate defendant's sentence on count six, and remand to the trial court for resentencing on count six. We further grant appellate counsel's motion to withdraw as counsel of record.
CONVICTIONS AND SENTENCES ON COUNTS ONE THROUGH FIVE AND COUNTS SEVEN THROUGH NINE AFFIRMED; CONVICTION ON COUNT SIX AFFIRMED; SENTENCE ON COUNT SIX VACATED; REMANDED FOR RESENTENCING ON COUNT SIX; MOTION TO WITHDRAW GRANTED

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On February 9, 2015, defendant also pled guilty and was sentenced in district court case number 14-4626.

In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 04/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Defendant's pro se supplemental brief was not filed until November 27, 2017. His brief was postmarked on November 21, 2017, but does not indicate when it was signed. However, since defendant's pro se brief was filed prior to submission of the case to this Court, we will consider his assignments of error in our opinion.

Further, the record reflects that on January 6, 2015, defense counsel "waived the motions," specifically the motion to suppress evidence.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The record reflects that July 8, 2014 was the offense date in this case. La. R.S. 14:108.1 was subsequently amended, with an effective date of August 1, 2014, to provide a penalty of imprisonment at hard labor for not less than five years. The law in effect at the time of the commission of the offense dictates the penalty a defendant faces at the time of his conviction. State v. Sugasti, 01-3407 (La. 06/21/02), 820 So.2d 518, 520.

We find defendant's claim that appellate counsel was ineffective for failing to raise the entrapment defense on appeal is now moot, as defendant was presented with opportunity to raise this error and he in fact raised this alleged error himself in his pro se supplemental brief. State v. Kent, 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 232, writ denied, 15-2119 (La. 12/16/16), 211 So.3d 1165 (citing State v. Roberson, 94-1570 (La. App. 3 Cir. 11/02/95), 664 So.2d 687, 692 ).