MOORE, J.
hSteven Lynn Broadway was charged with cultivation (production) of marijuana, La. R.S. 40:966 A. After the district court denied his motion to suppress certain physical evidence and his confession, he pled guilty to attempted cultivation of marijuana, reserving his right of appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced him to 7/é years at hard labor. He now appeals, raising two assignments of error. For the reasons expressed, we affirm.

Factual Background

In August 2004 the Louisiana State Police received a telephone tip that someone was growing marijuana in the Jordan Hill area of Winnfield. Narcotics supervisor Lieutenant Kenneth Moore authorized aerial surveillance of the area by helicopter with a ground crew on call. Agents in the copter saw what appeared to be a marijuana plant in a wooded area near a fence about 150 yards off Lynn McCoy Road. The ground crew, led by Trooper Richard Horton, went to the location and found, in a small clearing, one marijuana plant growing in a five-gallon bucket. The plant was about four feet tall; the bucket was six or seven feet from the fence line. Officers seized the plant and noticed Bud Natural Light and Sprite bottles in the clearing.
Trooper Horton and Lt. Moore went to the nearest residence, a trailer, in front of which was a large garbage can full of Natural Light bottles. Approaching the trailer, they found the front door “wide open.” Trooper Horton considered this unusual and suspected foul play inside. He knocked on the door and announced who he was, but nobody answered. Citing a | aneed to secure the premises, he entered and looked around. He found a marijuana cigarette in an ashtray by the bed; officers who had walked behind the trailer found marijuana cigarettes in ashtrays on a table in the backyard. Trooper Horton then secured the premises and continued the investigation.
Neighbors told officers that the trailer belonged to Broadway; one lady said she had seen him walking to and from the area where the plant was found, and another said he was doing construction work down the road. Officers went to the construction site and asked for Broadway. Without being questioned, Broadway identified himself and added, “I knew y’all would be coming for me because I saw the helicopter.” He agreed to accompany officers to his trailer, where he received his Miranda warnings and signed a consent to search. He admitted growing the plant and gave officers the clipping beside his bed. Officers then formally arrested him.
As noted, the state charged Broadway by bill of information with cultivation (production) of marijuana, La. R.S. 40:966 A. Defense counsel filed a motion to suppress the evidence seized at Broadway’s home together with his subsequent statement (but not the plant seized from the field). After an evidentiary hearing, the district court denied the motion without reasons. *962 Broadway subsequently withdrew his plea of not guilty and pled guilty to attempted cultivation (production) of marijuana with an agreed sentence of 7 % years at hard labor. The court sentenced him in accord with the agreement and denied a motion to reconsider which alleged only that the sentence was excessive. This appeal followed.
1 ^Discussion: Motion to Suppress
By his first assignment of error, Broadway urges the district court erred in denying his motion to suppress. He contends that officers entered his home without a warrant and without any exigent circumstances that would dispense with the warrant requirement. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); State v. Hathaway, 411 So.2d 1074 (La.1982). He suggests that once Tpr. Horton knocked on the front door and discovered nobody was inside, there was no reason for him to enter the trailer; he could have merely shut the door to secure the premises. He concludes that the marijuana cigarettes found inside the house and on the table in the backyard, as well his statement to Tpr. Horton inside the house, were “fruit of the poisonous tree” and must be suppressed. Segura v. United States, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984).
The state responds that Broadway was not charged with possession of the marijuana cigarettes found in and around his trailer, but with cultivation of the marijuana plant in the field nearby; hence, the legality of entering his trailer without a warrant is beside the point. The state also urges that under the circumstances, the marijuana cigarettes would have been subject to “inevitable discovery” and thus admissible. Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); State v. Brooks, 2000-1123 (La.App. 3 Cir. 1/31/01), 779 So.2d 1055, writs denied, 2001-0865, -0896 (La.2/1/02), 808 So.2d 332, 333. The state concludes that the court’s ruling was not an abuse of discretion and should not be disturbed. State v. Horton, 2001-2529 (La.6/21/02), 820 So.2d 556.
14At a hearing on a motion to suppress a confession, the state must prove beyond a reasonable doubt that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; La. C. Cr. P. art. 703 D; State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272. Likewise, the state bears the burden of proving the admissibility of any physical evidence seized without a warrant. La. C. Cr. P. art. 703 D; State v. Traylor, 31,378 (La. App. 2 Cir. 12/9/98), 723 So.2d 497. The admissibility of a confession is a question for the trial court, whose conclusions on the credibility and weight of testimony relating to the voluntariness of the statement should not be overturned on appeal unless they are not supported by the evidence. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1; State v. Caston, 40,054 (La. App. 2 Cir. 9/28/05), 912 So.2d 413.
At the hearing on the motion to suppress, and in brief to this court, Broadway urges that the search of the residence was illegal, thus making the confession fruit of the poisonous tree. However, the motion to suppress did not contest the marijuana plant seized from the field; counsel frankly conceded, “I don’t care about 'em finding the plant in the woods.” The distinction, in our view, is crucial. The testimony of Lt. Moore and Tpr. Horton established that officers first detected the marijuana plant by aerial surveillance and then located the residence nearest the field. They entered the trailer, admittedly without a warrant, and found marijuana in plain view; however, as part of the investigation, they learned from neighbors that *963 Broadway lived there and was working down the road. The officers found | Bhim at the construction site and gave him his Miranda warnings; Broadway led them to the house, gave them the marijuana found inside, and admitted growing the plant in the field.
The record persuades us that Broadway’s confession flowed not from the war-rantless entry of the trailer, but from the earlier sighting of the marijuana plant in the field nearby and the information from neighbors linking the plant to Broadway. Nothing in this record suggests that officers used the marijuana cigarettes found in the trailer as leverage or a threat to obtain Broadway’s confession or written consent to search. Simply put, the confession was not fruit of the warrantless search. It was also not the product of a coercive situation or abuse of police power. State v. Hill, 97-2551 (La.11/6/98), 725 So.2d 1282. The district court did not abuse its discretion in denying the motion to suppress.
Moreover, Tpr. Horton was adamant that finding a home with its front door wide open, and nobody inside, is unusual even in a rural area. He suspected marijuana cultivation and had just discovered a healthy hemp plant 150 yards away. He testified that entering was necessary to secure the premises. On the facts presented, the district court apparently found that entry was reasonable to ascertain that nobody inside was ill, deceased or in a hostage situation. Although the issue is admittedly close, we would defer to the district court’s finding.
|fiFor these reasons, Broadway’s first assignment of error lacks merit.

Voluntariness of Guilty Plea

By his second assignment of error, Broadway urges the district court erred in failing to adequately apprise him of the sentencing range for the crime to which he pled guilty. He shows that the court correctly advised him of the range for cultivation of marijuana under La. R.S. 40:966 B(3), but not for an attempt of that offense as prescribed by La. R.S. 14:27. He argues that the mandatory minimum penalty, if any, and the maximum penalty provided by law, are prerequisites for a valid guilty plea, La. C. Cr. P. art. 556.1 A(l), and that the court’s failure to provide this information made the guilty plea involuntary.
The state responds that Broadway’s consent could not have been prejudiced by advising him of the greater sentence range, especially since he received an agreed sentence.
In spite of Art. 556.1, the jurisprudence does not view “advice with respect to the defendant’s sentencing exposure” as part of the “core Boykin requirements for the entry of a presumptively valid guilty plea in any case.” State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517; State v. Burford, 39,610 (La.App. 2 Cir. 5/11/05), 902 So.2d 1190. Moreover, the district court advised Broadway of the agreed sentence pursuant to La. C. Cr. P. art. 881.2 A(2); this satisfies the notice requirement of Art. 556.1. State v. Young, 39,546 (La.App. 2 Cir. 3/2/05), 895 So.2d 753.
| ^Broadway's second assignment lacks merit.

Conclusion

We have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920(2). The district court did not err in denying the motion to suppress or in advising Broadway of his sentencing exposure. The conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.