JUDE G. GRAVOIS, Judge.
| ^Defendant Daniel Crochet appeals his conviction for aggravated burglary, a violation of LSA-R.S. 14:60. On appeal, under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Appointed counsel moves this Court for leave to withdraw as counsel of record.
Defendant filed a pro se supplemental brief, raising issues of ineffective assistance of counsel and an excessive sentence. After thorough review of the record, we affirm defendant’s conviction and sentence, and grant counsel’s motion to withdraw.

\£ACTS AND PROCEDURAL BACKGROUND

Defendant was charged with aggravated burglary, a violation of LSA-R.S. 14:64. He pled not guilty at arraignment. Defendant later withdrew his not guilty plea and pled guilty as charged. The district court sentenced defendant to 15 years at hard labor.
*728 Defendant entered a stipulation to second felony offender status. The district court vacated defendant’s original sentence and imposed a habitual offender sentence on defendant of 15 years at hard labor. The district court granted defendant an out-of-time appeal on March 1, 2010.
No evidence was presented in this case. There were no motion hearings, and defendant entered a guilty plea to the charged offense. The prosecutor gave the following note of evidence at the time of the guilty plea:
With respect to Mr. Crochet, on September 6th, 2007, he entered 595 Brook-meade Drive, a home belonging to Raymond Liss. And the Bill of Information had previously listed Philip Trupiano as the owner, so I’m going to change that on the Bill. And he armed himself with a weapon while he was inside. He was apprehended inside the residence.

ANALYSIS

Pro Se Brief

In a pro se brief filed with this court, defendant argues that he received ineffective assistance of counsel. Specifically, he argues that his counsel failed to explain his case to him and failed to adequately prepare for trial, with the result that she instead convinced him to plead guilty. He also argues that counsel was ineffective because she allowed him to plead guilty to aggravated burglary, rather than simple burglary of an inhabited dwelling, because no person was present in the home during the commission of the crime. Third, defendant argues that he received an excessive sentence.
14A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that 1) his attorney’s performance was deficient, and 2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Allen, 06-778, p. 9 (La.App. 5 Cir. 4/24/07), 955 So.2d 742, 750, writ denied, 08-2432 (La.1/30/09), 999 So.2d 754. The error is prejudicial if it is so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Allen, 06-788 at 10, 955 So.2d at 750. In order to show prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the case would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Allen, supra.
In order to prevail, the accused must overcome a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel, because “opinions may differ on the advisability of such a tactic.” State v. Singleton, 05-634, p. 11, (La.App. 5 Cir. 2/14/06), 923 So.2d 803, 811, writ denied, 06-1208 (La.11/17/06), 942 So.2d 532.
An ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Cambre, 05-888, pp. 25-26 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 460, writ denied, 06-2121 (La.4/20/07), 954 So.2d 158. When there is sufficient evidence to consider some, but not all, of the allegations of ineffectiveness of counsel before it, this Court has declined to |saddress any of the claims on grounds that they *729 should be addressed in their entirety by the district court on post-conviction relief at an evidentiary hearing. State v. Allen, 06-778 at 11-12, 955 So.2d at 751-52. Accordingly, we decline to review defendant’s ineffective assistance of counsel claims on appeal.
Further, appellate counsel filed an An-ders brief certifying that she reviewed the appeal record and determined there were no non-frivolous issues she could raise on appeal, which is further discussed herein. Defendant’s excessive sentence claim is reviewed, in that context, below.

Anders brief

In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[1] The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal” ‘ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must | fidemonstrate' by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
In evaluating an appeal for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that she performed a detailed review of the record and could find no non-frivolous issues to raise on appeal. She points out that the district court properly advised defendant of his constitutional rights to a jury trial and confrontation, and his privilege against self-incrimination prior to accepting his guilty plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Counsel notes there were no pre-trial hearings in the district court; consequently, there are no adverse rulings for defendant to challenge on appeal.- Counsel acknowledges that defendant agreed upon a sentence as part of a *730 plea bargain, and he may not, therefore, challenge the sentence on appeal. Counsel further notes that defendant entered a stipulation to the habitual offender bill, and 17since he received a negotiated habitual offender sentence, he may not challenge that sentence on appeal either.[2]
Appellate counsel has filed a motion to withdraw as attorney of record which states she has complied with the provisions of Anders, and that she notified defendant of his right to file a pro se supplemental brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until July 7, 2010 to file a pro se supplemental brief. On June 29, 2010, defendant filed a pro se “Motion to Withdraw Supplemental Brief,” in which he expressed his intention to waive his right to file a supplemental pro se brief. Defendant, however, thereafter filed a supplemental pro se brief raising several assignments of error.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The record shows the district court properly advised defendant of his constitutional rights in accordance with Boykin. The judge ascertained that defendant understood those rights and that he wished to waive them and plead guilty. Additionally, defendant, his attorney, and the district judge signed a waiver of rights form which enumerated defendant’s rights and detailed the sentences he would receive pursuant to his guilty plea.
When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. As counsel notes in her brief, there were no pre-trial rulings defendant could have reserved for review under State v. Crosby, 338 So.2d 584 (La.1976).
| ^Defendant entered an admission to the allegations in the habitual offender bill of information. The district court properly advised him of his right to a habitual offender hearing and his right to remain silent. Defendant stated he understood those rights and wished to waive them.
The trial court vacated defendant’s original sentence at the time it imposed the habitual offender sentence. Therefore, there are no issues for defendant to raise with respect to the original sentence. Defendant’s habitual offender sentence was imposed in accordance with a sentencing agreement. LSA-C.Cr.P. art. 881.2 A(2) provides, “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has recognized that a defendant is precluded from raising a claim of excessiveness on appeal when his sentence was imposed in conformity with a sentencing agreement set forth in the record at the time he admits to the allegations in a habitual offender bill. State v. Cross, 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30. In any case, defendant’s habitual offender sentence of 15 years was the minimum term to which he was exposed as a second felony offender. LSA-R.S. 14:60; LSA-R.S. 15:529.1 A(l)(a). Accordingly, there is no merit to defendant’s pro se claim of excessive sentence.
Because appellant counsel’s brief adequately demonstrates by full discussion *731 and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, it is this court’s ruling that defendant’s conviction and sentence be affirmed and appellate counsel’s motion to withdraw as attorney of record be granted.

\,.ERRORS PATENT DISCUSSION

The defendant requests an errors patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920, regardless of whether defendant makes such a request. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent that require corrective action.

CONCLUSION

For the above reasons, defendant’s conviction and sentence are hereby affirmed. Appellate counsel’s motion to withdraw as attorney of record for defendant is hereby granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. The State avers in its brief that counsel has satisfied the requirements of Anders and Jyles, and that there are no non-frivolous issues for appeal.