LEBLANC, J. | T Defendant, Eric C. Fontenelle, appeals his convictions of two counts of indecent behavior with a juvenile under thirteen. Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and has filed a motion to withdraw as counsel of record. Further, defendant has filed a pro se supplemental brief assigning one error. For the following reasons, we affirm defendant’s convictions and sentences and grant counsel’s motion to withdraw. We remand the matter for a correction as noted herein. STATEMENT OF THE CASE On May 4, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of indecent behavior with a juvenile under thirteen in violation of La. R.S. 14:81. Qn May 12, 2016, defendant pled not guilty at his arraignment. Prior to trial, the trial court heard the State’s oral motion in limine regarding the admissibility of recorded jail calls made by defendant. The parties stipulated that certain statements would be played to the jury but that a portion pertaining to a plea offer made to defendant would be muted. During presentation of the State’s case-in-chief on August 10, 2016, defendant made an oral motion for mistrial after the portion of the recorded jail call pertaining to the State’s offer was inadvertently played to the jury. ■' On the next day, defendant withdrew his motion for mistrial and tendered a plea of guilty as charged. After being advised of his Boykin[1] rights- and the reading of a victim impact statement, defendant was sentenced to ten years in the Department of Corrections[2] on each count,. The trial court ordered that the first Istwo years were to be served without the benefit of probation, parole, or suspension of sentence. Defendant was informed of his obligation to register as a sex offender for life. On August 23, 2016, a letter written by defendant and dated August 12, 2016, was filed into the record, wherein defendant argued that he was under duress' at the time he entered his guilty pleas, his decision was not' rationally made, and he requested to'be brought before the trial judge. That same date, the trial court denied the relief requested iri defendant’s letter, after finding defendant was informed of the constitutional rights he was waiving and of the possible sentences he faced. On September 2, 2016, a subsequent letter by defendant dated August 29, 2016, was filed into the record, where he again argued that,he was under duress and he received ineffective assistance of counsel. Defendant also sought an appeal of his convictions. On September 6, 2016, the trial court granted defendant an appeal. On April 19, 2017, defendant filed a pro se motion to supplement the instant appellate record, which bears district court number 16-2702, with certain “materials” filed under district court number 15-5939[3] that defendant averred were: missing from the instant record. That-same date,, this Court issued an Order for the 24th Judicial District Clerk of Court to supplement this appellate record with the.record of district court number 15-5939 as an .exhibit to the instant appeal. The supplemental exhibits were filed on .April 20, 2017. Defendant’s appeal follows. FACTS Because defendant’s convictions were the result of guilty pleas, the facts underlying the crimes of which he was convicted are not fully developed in the I ¡/record-Nevertheless, the bill of information provides that on or about October 5,2015, and on October 6, 2015, defendant violated La. R.S. 14:81 in that he, being over the age of seventeen, and there being an age difference of greater than two years between the two persons, did commit a lewd and lascivious act upon, or in the presence of, a known juvenile (D.O.B. 3/27/2008), wherein the victim was under the age of thirteen, with the intention of arousing or gratifying the sexual desires of either person.[4] ANDERS BRIEfr Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel réquests permission to withdraw as counsel of record. In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to. be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by .“ ‘a brief referring to anything in the record. that might arguably support the appeal’” so'as to. provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for* its consideration.” Id, ■ When conducting a review for compliance with Anders, an appellate court' must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are.no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the, legal point(s) identified by,the court, or grant the motion and appoint substitute appellate counsel. Id. DISCUSSION Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal and could find no rulings that would arguably support an appeal. He avers that defendant intentionally waived his rights to a jury trial, to questioning and cross-examining the State’s witnesses, to remain silent during a trial, and to appeal his convictions and sentences. He suggests that defendant was informed of the sentences he would |fireceive upon the trial court’s acceptance of the pleas, and defendant is prohibited from appealing his sentences before this Court. Defense counsel notes that the trial court failed to inform defendant that he had two years from the time that his convictions and sentences become final to-file an application for post-conviction relief. Defense counsel states that although defendant filed a timely pro se motion for appeal, he has moved to withdraw as attorney since he has reviewed the case to the best of his ability and has adequately protected defendant’s constitutional rights. Appellate counsel has filed a motion to withdraw as attorney of record which states that he has notified defendant of the filing of this motion and has advised him of his right to file a pro se brief in this matter. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the right to file a pro se supplemental brief. Defendant requested an extension of time to file his pro se brief, which was granted by this Court, allowing him until May 5, 2017, to submit his filing. In response, the State agrees with defense counsel that there are no non-frivolous issues for appellate review and that defense counsel’s brief shows a conscientious and thorough review of the procedural history of the case. Accordingly, the State concludes that defense counsel has conformed with and followed the procedures set forth in Anders and Jyles, supra, and the motion to withdraw should be granted. An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. See generally La. C.Cr.P. arts. 464-466. As reflected by the minute entries and the commitment, defendant | ^appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea proceeding, and his sentencing. As such, defendant’s presence does not present any issues that would support an appeal. Further, defendant pled guilty as charged to two counts of indecent behavior with a juvenile under thirteen. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Kent, 15-323, p. 8 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 226, writ denied, 15-2119 (La. 12/16/16), 211 So.3d 1165; State v. Wingerter, 05-697, p. 5 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Here, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. No rulings were preserved for appeal under the' holding in State v. Crosby, 338 So.2d 584 (La. 1976). Additionally, a review of the record reveals no irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La. 1984). Article 1, § 13 of the Louisiana Constitution provides that an accused in a criminal prosecution has a right to be informed of the nature and cause of the accusation against him. That constitutional requirement is codified in La. C.CrJP. art. 464, which provides: |7The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. This requirement is also codified in La. C.Cr.P. art. 556.1(A)(1), which provides, in part, that the court shall not accept a guilty plea without first determining that defendant understands the nature of the charge against him. However, violations of Article 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. Id. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. State v. Howard, 11-1155, pp. 8-9 (La. App. 5 Cir. 5/22/12), 91 So.3d 564, 570, writ denied, 12-1826 (La. 3/1/13), 108 So.3d 787. The test for the validity of a guilty plea does not depend on whether the trial court specifically informed defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. Howard, supra. This Court has found that “[w]hen a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit.” State v. Dadney, 14-511, pp. 6-8 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 59-60, writ denied, 15-90 (La. 10/30/15), 179 So.3d 614. The record indicates that defendant was aware that he was pleading guilty as charged to two counts of indecent behavior with a juvenile under thirteen rather |sthan merely indecent behavior with a juvenile.[7] The top of the waiver of rights form references that defendant was pleading guilty to two counts of indecent behavior with a juvenile in violation of La. R.S. 14:81. During the colloquy and at the time the sentences were imposed, the trial judge referred to the charge as indecent behavior with a juvenile. Thus, at those times, defendant was not apprised that he was pleading guilty to indecent behavior of a juvenile under thirteen, a violation of La. R.S. 14:81(H)(2), which carries a harsher penalty than indecent behavior with a juvenile under La. R.S. 14:81(H)(1). However, the bill of information charging defendant clearly stated in both counts that the known juvenile was under the age of thirteen.[8] In addition, when informing defendant of the possible sentencing range for the offenses, the trial court advised defendant that he faced the penalty carried by La. R.S. 14:81(H)(2), Further, before the colloquy began and in the presence of defendant, the trial court asked defense counsel whether defendant wished to change his plea from not guilty to guilty as charged, and defense counsel provided that he had “spent the better part of the morning” with defendant and believed his' decision was knowing, intelligent, and voluntary. After imposition of defendant’s sentences, the State noted that defendant was required to register as' a sex offender for life since the victim was under the age of thirteen, and the State asked defense counsel if defendant understood this,, to which defense counsel responded that he had so advised his client. Defendant did not comment at that time to indicate he was | ^unaware the offenses involved a juvenile under the age of thirteen. Further, the transcript fails to show that defendant asked any questions or made any statements during the colloquy as to the nature of the charges or to indicate a lack of undérstanding of the charges or the elements of the offenses in violation of La. Const. art. I, § 13 or La. C.Cr.P. art. 556.1.[9] Further, defendant was properly advised of his Boykin rights. During the colloquy and in the waiver of rights form, defendant was advised he was “giving up” his rights' to a jury trial, the right to confront his accusers at trial, and his privilege against self-incrimination, which defendant indicated that he understood. Defendant provided that he had conferred with his attorney, was satisfied with the way his attorney and the court had handled his case, and denied that he was forced, coerced, or threatened in any way to- take the pleas, Defendant was further advised of his right to appeal any verdict of guilty that may be returned at a trial and that a plea could be used to enhance a penalty of a future conviction.[10] Therefore, although the trial court erred in not specifically advising defendant during the colloquy or on the waiver of rights form that he was pleading guilty to indecent behavior with a juvenile under thirteen, we find that any error was harmless. The record fails to show that defendant’s knowledge and comprehension of the full information at those times would have likely affected his willingness to plead guilty. Further, under the circumstances of this case, defendant was informed of and made aware of' the essential nature of the charges against him and the sentences he would receive. As. previously-stated, La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the 11nnature of the charge to which the plea is offered and in addition, any mandatory minimum penalty arid the maximum possible penalty. “Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” La. C.Cr.P. art. 556.1(E). Again, violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are. subject to a harmless error analysis. State v. Craig, 10-854, p. 7 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. An advisement of an agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. See Craig, supra; State v. Broadway, 40,569, p. 7 (La. App. 2 Cir. 1/25/06), 920 So.2d 960, 963. The core Boykin requirements have never been extended to include advice with respect to sentencing. Id. Here, defendant was informed via the waiver of rights form and during the colloquy that the sentencing range- for the offenses were two to twenty-five years on each count with the first two years to be served without benefit of probation, parole, or suspension of sentence. Defendant was advised in the waiver of rights form and during the colloquy that his sentences would be ten years on each count with the first two years to be served without benefits and the sentences were to ruii concurrently. He was informed that the State would not file a multiple bill. The trial court then accepted his pleas of guilty as having been knowingly, intelligently, freely, and voluntarily made on defendant’s part. With regard to defendant’s sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. The record shows' that defendant’s sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Defendant’s 1 n sentences fall within the sentencing range set forth in the statute. See La. R.S. 14:81(H)(2). Upon an independent review of the record, we find no non-frivolous issues for appeal. Defendant’s appointed appellate counsel has adequately demonstrated his review and analysis of the record in this case. An independent review of the record supports counsel’s assertions set forth in his Anders brief. Therefore, we grant counsel’s request to withdraw as counsel of record. PRO SE ASSSIGNMENT OF ERROR In his sole pro se assignment óf error, defendant asserts that his trial counsel" was ineffective for several reasons. Defendant avers that trial counsel failed to investigate or review discovery with defendant prior to trial, to effectively cross-examine the State’s witnesses, to adequately lodge objections to thé witnesses’ testimony, and to further investigate additional defense witnesses and call them to testify at trial. He contends that trial counsel was ineffective by not filing and arguing the motion for mistrial and re-trying his case, but rather, trial counsel pressured him into accepting a plea to crimes he did not commit. Defendant also briefly .mentions that a motion for a preliminary hearing[11] was never argued and a motion for bond reduction was “riddled with errors” when it was filed and argued. He states that a “conflict of interest” existed with trial counsel’s representation of him because defendant stole pills from family members of trial counsel several years before.[12] He concludes that if not for trial counsel’s deception, errors, and ineffectiveness, he would not have pled guilty to crimes he did not commit. Thus, he alleges that his pleas are constitutionally infirm due to the ineffectiveness of his trial counsel. | iaAn ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Crochet, 10-387, pp. 4-5 (La. App. 5 Cir. 2/15/11), 61 So.3d 725, 728-79, writ denied, 12-1158 (La. 11/21/12), 102 So.3d 52; State v. Cambre, 05-888, pp. 25-26 (La. App. 5 Cir. 7/25/06), 939 So.2d 446, 461, writ denied, 06-2121 (La. 4/20/07), 954 So.2d 158. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. However, when there is sufficient evidence to consider some, but not all, of the allegations of ineffectiveness of counsel before it, this Court has declined to address any of the claims on grounds that they should be addressed in their entirety by the district court on post-conviction relief at an evidentiary hearing. Crochet, 10-387 at 4-5, 61 So.3d at 728-29; State v. Allen, 06-778, pp. 9-12 (La. App. 5 Cir. 4/24/07), 955 So.2d 742, 750-52, writ denied, 08-2432 (La. 1/30/09), 999 So.2d 754. A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that 1) his attorney’s performance was deficient, and 2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Crochet, supra; Allen, supra. The error is prejudicial if it is so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable.” Strickland, supra; Crochet, supra. In order to show prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the case would have been different! Id. In order to prevail, the accused must overcome a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. At 2065. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel, because “opinions may differ on the.advisability of such a tactic.” State v. Singleton, 05-634, p. 11 (La. App. 5 Cir. 2/14/06), 923 So.2d 803, 811, writ denied, 06-1208 (La. 11/17/06), 942 So.2d 532. A court must indulge' a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. State v. Griffin, 14-450, pp. 23-25 (La. App. 5 Cir. 12/16/14), 167 So.3d 31, 48, writ denied, 15-148 (La. 11/20/15), 180 So.3d 315. Therefore, the defendant must overcome the presumption that, under the circumstances, the challenged action “might be considered sound trial strategy.” Strickland, supra; Griffin, supra. There is no precise definition of reasonably effective assistance of counsel. Accordingly, any inquiry into the effectiveness of counsel must be specific to the facts of the case and must take into consideration the counsel’s perspective at the time. Id. The Sixth Amendment does not guarantee errorless counsel or counsel judged ineffective by hindsight. Id. We find that the record is sufficient to rule on the merits of defendant’s claim and address it in the interest of judicial economy. As previously discussed, a review of the record reveals no constitutional infirmity in defendant’s guilty pleas. Defense counsel withdrew the motion for mistrial, and defendant thereafter pled guilty. Importantly, during his guilty plea colloquy, defendant indicated that his guilty pleas were knowing, intelligent, free, and voluntary, and no promises or threats were made to encourage him to plead guilty. Nothing in the record supports defendant’s claims that his trial counsel was ineffective in his trial strategy or that his plea was constitutionally infirm. Rather, defendant merely makes conclusory and non-specific assertions regarding trial counsel’s alleged failure to effectively cross-examine witnesses, lodge objections, investigate | uPotential defense witnesses, and file and argue motions. Thus, .these conclusory and non-specific assertions do not appear sufficient to meet either prong under Strickland, supra. Further, as to defendant’s alleged conflict of interest with trial counsel, in brief, defendant claims that a defense witness was informed by trial counsel that defendant would go to jail regardless of whether he was convicted of these charges because defendant was a drug addict. He contends that during plea negotiations and when asking trial counsel’s advice as to whether he should plead guilty when innocent, defense counsel told defendant that the trial judge would impose a life sentence if he did not “take” the deal. Defendant further averred that defense counsel informed defendant he received $250.00 to attend defendant’s court appearances and that he had previously forgiven defendant for stealing pills from his family. Every criminal defendant is entitled, not only to counsel, but also to conflict-free counsel. U.S. Const. Amend. 6 and 14; La. Const. Art. I, § 13; State v. Franklin, 400 So.2d 616, 620 (La. 1981); State v. Olivieri, 10-1064, pp. 3-4 (La. App. 5 Cir. 9/13/11), 74 So.3d 1191, 1193, writ denied, 11-2227 (La. 2/17/12), 82 So.3d 283. After the trial court has been alerted that a conflict of interest exists, the judge must take the proper steps to assure that the defendant’s Sixth Amendmént right to effective assistance of counsel is not violated. State v. Cisco, 01-2732 (La. 12/3/03), 861 So.2d 118, 132, cert. denied, 541 U.S. 1005, 124 S.Ct. 2023, 158 L.Ed.2d 522 (2004). The time at which a conflict of interest issue is raised is determinative of the standard to be applied in evaluating the claim. Where a defendant raises the issue prior' to trial, the district court judge is required either to appoint separate counsel or to take adequate steps to ascertain whether the risk of a conflict of interest was too remote to warrant separate counsel. State v. Wille, 595 So.2d 1149, 1153 (La. 1992), cert. denied, 506 U.S. 880, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992); State v. Shabazz, 14-431, p. 10 (La. App. 1 Cir. 11/7/14), 167 So.3d 725, 733. However, where a defendant does not'raise the issue of conflict of interest until after the trial, the defendant is required to show that “an actual conflict of interest adversely affected his lawyer’s performance” in order to establish a Sixth Amendment violation. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Shabazz, supra. In other words, “if the objection is made to the claimed conflict after trial, the defendant must also show he was actually prejudiced.” State v. George, 12-204, p. 6 (La. App. 4 Cir. 1/9/13), 108 So.3d 269, 274, writ denied, 13-317 (La. 9/13/13), 120 So.3d 279. (emphasis as found in original). “An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties.” State v. Gorman, 11-491, p. 12 (La. App. 5 Cir. 2/14/12), 88 So.3d 590, 598-99. A conflict can also arise when a defense attorney is required to cross-examine a current or former client on behalf of a current defendant. A defendant’s mere dissatisfaction with his appointed counsel does not create an actual conflict of interest that requires appointment of other counsel. Id. Although most conflict of interest cases involve representation of multiple defendants, a conflict of interest may arise between a single defendant and his attorney. Wille, 595 So.2d at 1153. After review of the record, we find that no actual conflict of interest existed that adversely affected counsel’s performance. Defendant’s .bare assertions in his brief do not prove that counsel was placed in a situation inherently conducive to divided loyalties or that an actual conflict of interest arose between defendant and his attorney. Even if defendant’s allegations of the statements made by trial counsel are true, they still fail to prove that trial counsel’s performance was adversely affected since defendant did not allege specifically that he was prejudiced during the plea negotiations or the taking of his pleas. Quite oppositely, Imthe transcript of the colloquy indicates that defendant answered affirmatively when questioned by the trial judge whether he was satisfied with his attorney and whether he was pleading guilty because he was in fact guilty. As stated, the record shows that defendant’s pleas were knowingly, intelligently, freely, and voluntarily made. Accordingly, defendant has failed to show that an actual conflict of interest existed which adversely affected his counsel’s performance, and this assignment of error is without merit. ERRORS PATENT REVIEW Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 566 So.2d 175 (La. App. 5th Cir. 1990) regardless of whether defendant makes such a request. The transcript reflects that the trial judge was silent as to the concurrent nature of defendant’s sentences. Yet, the Uniform Commitment Order reflects: “This sentence shall be concurrent with any or every sentence the offender is now serving!.]” The transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983). Therefore, it is ordered that the trial court correct the commitment to delete the comment that the sentence be served concurrently with any or every sentence defendant is now serving. We further order the trial court to direct the clerk of court for the 24th Judicial District to transmit the original of the corrected commitment to the appropriate authorities in. accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections’ legal department. State ex rel. Roland v. State, 06-0244 (La. 9/1/5/06), 937 So.2d 846 (per curiam); State v. Suggs, 11-64, p. 22 (La. App. 5 Cir. 12/13/11), 81 So.3d 815, 830, writ denied, 12-0054 (La. 4/20/12), 85 So.3d 1269. [¡-DECREE For the aforementioned reasons, defendant’s convictions and sentences are affirmed, the matter is remanded for correction of the commitment, and the motion to withdraw is granted. AFFIRMED AND REMANDED FOR CORRECTION OF COMMITMENT; MOTION TO WITHDRAW GRANTED . Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), . In State v. Baptiste, 16-316 (La. App. 5 Cir. 12/14/16), 209 So.3d 321, 324 n.2, this Court held; "Though the trial judge sentenced defendant to imprisonment in the Department of Corrections, rather than to imprisonment at hard labor as required by the pertinent penalty statutes, this Court deems such a sentence necessarily at hard labor.” . Before the institution of this matter, the State charged defendant with two counts of indecent behavior with a juvenile under district court case number 15—5939. On May 4, 2016, the State nolle prossed the two charges with.a notation on the-bill that new-charges had been filed. . The record does not indicate that a factual basis was’ given during the colloquy. . . In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam). . The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). . At the time of the offense, La, R.S. 14:81(H)(1) provided the penalty for indecent behavior with juveniles, a sentence of which was punishable by a fine of not more than five thousand dollars, or imprisonment with or without hard labor for not more than seven years, or both. La. R.S. 14:81(H)(2) provided the penalty for indecent behavior with juveniles under the age of thirteen, when the offender is seventeen years of age or older, which carried a penalty of imprisonment at hard labor for not less than two nor more than twenty-five years with at least two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. . The transcript does not indicate that the bill was read aloud' during the colloquy. However, at the beginning of trial, the clerk read the bill of information out loud to the jury in defendant’s presence. The bill of information fails to state the specific subsection under which defendant was charged. In State v. Favors, 09-413, pp. 11-12 (La. App. 5 Cir. 11/10/09), 28 So.3d 433, 440-41, tills Court found on error patent review that the specific section under which the defendant was charged with was omitted in the bill of information. This Court held that the misstatement in the bill was not a grounds for reversal of the conviction since no prejudice or surprise to the defendant was found, and it was sufficiently clear to inform the defendant of the charge. . Also, defendant was present at his trial, where the victim testified that she was eight years old and her date of birth was March 27, 2008. . Defendant indicated that he understood that by pleading guilty to sex offenses, he would be required to comply with the registration and notification requirements and acknowledged written receipt of copies of the registration and notification requirements. . The instant record does not reveal that a motion for a preliminary hearing was filed in the instant matter, but a motion for a preliminary examination was filed on February 8, 2016, in district court case number 15-5939. . After defendant pled guilty on August 11, 2016, defendant wrote a letter to the trial court dated August 29, 2016, wherein defendant alleged he received ineffective assistance and had a "conflict of interest” with trial counsel, though he did not state any grounds for the alleged conflict. In response to defendant’s letter, the trial court granted defendant an appeal.