WINDHORST, J.
Defendant, Kevin Rivas, appeals his convictions and sentences for armed robbery with a firearm and attempted second degree murder. For the following reasons, we affirm defendant's convictions and sentences, and remand with instructions. We grant appellate counsel's motion to withdraw as attorney of record for defendant.
*1230 Facts and Procedural History
On January 27, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kevin Rivas, with armed robbery with a firearm, in violation of La. R.S. 14:64 and La. R.S. 14:64.3 (count one) and attempted second degree murder, in violation of La. R.S. 14:30.1 and La. R.S. 14:27 (count two). Defendant was arraigned on March 26, 2014, and pled not guilty.
On July 17, 2015, defendant withdrew his not guilty pleas and pled guilty as charged. The State provided the following factual basis during the colloquy:
If the State had proceeded to trial against both Defendants[1] in Case No. 14-0436 it would have proven beyond a reasonable doubt that on March 8th, 2013 that both Defendants violated Louisiana Revised Statute 14:64 and they did rob Louis Alvarado while armed with a dangerous weapon under the provision of Louisiana Revised Statute 14:64.3.
Furthermore, it would have proven beyond a reasonable doubt that both Defendants on that same date, March 8th, 2013 violated Louisiana Revised Statute 14:27:30.1 in that they did attempt to commit second degree murder of Louis Alvarado.
Your Honor, both of these offenses occurred in the Parish of Jefferson.
Defendant indicated that he committed the crimes to which he was pleading guilty.
On July 20, 2015, the trial judge sentenced defendant to imprisonment at hard labor for twenty-three years plus an additional five-year sentence at hard labor pursuant to La. R.S. 14:64.3 on count one and imprisonment at hard labor for twenty-eight years on count two, with both sentences, including the enhancement, to be served without benefit of parole, probation, or suspension of sentence. The trial judge ordered that these sentences were to run concurrently with each other and with any other sentences that defendant may be currently serving. On July 20, 2017, defendant filed a letter with the trial court stating that he regretted pleading guilty and wished to reopen his case. The trial judge construed defendant's letter as a request for an out-of-time appeal and granted it.
Anders Brief
This Court has adopted the procedure set forth in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, pursuant to which appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Given this, appointed appellate counsel has filed a motion to withdraw as attorney of record, requesting permission to withdraw as attorney of record for defendant. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam). This Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 22, 2017, to file a pro se supplemental brief. Defendant filed a pro se supplemental brief on January 9, 2018.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford, 676 So.2d at 1110.
*1231 In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. Appellate counsel states that defendant (1) with the assistance of counsel, entered unqualified guilty pleas to the charging document, waiving all non-jurisdictional defects; (2) indicated, during the colloquy, that he had not been forced to enter the pleas, he was pleading guilty because he was in fact guilty, and he understood his rights, the charges, and the sentences he would receive in exchange for the plea; (3) did not object to the charged offenses, the trial court's acceptance of his guilty pleas, nor to the sentences agreed upon and imposed.
Appellate counsel states that defendant pled guilty without a Crosby [2] reservation of rights, and that the detailed plea form executed by defendant and his attorney indicated the sentences to be imposed and all of the rights waived by the guilty plea. Appellate counsel maintains that the sentences imposed were in conformity with the plea agreement, and that defendant does not have a valid claim of sentence excessiveness. He further states that the bills of information are in order, the minutes indicate that defendant was present with counsel for all critical court proceedings, and the plea form and accompanying colloquy were thorough and complete.
The State agrees with appellate counsel that this case presents no non-frivolous issues for appellate review, and states that appellate counsel has complied with and followed the Anders and Jyles procedures. The State indicates in its brief that the trial court conducted a Boykin [3] colloquy with defendant, explained the rights he was waiving, the sentences to be imposed and the time limitations for appeal and post-conviction relief. The State maintains that the sentences imposed were within the statutory limits and that defendant did not reserve any rights to appeal pretrial rulings of the trial court prior to pleading guilty. Thus, any claims related to such rulings were waived. The State also maintains that defendant voluntarily and intelligently entered guilty pleas.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The amended bill of information properly charged defendant, identified defendant and the crimes charged, and stated the essential facts constituting the offenses charged. See La. C.Cr.P. arts. 462 - 466. The minute entry and commitment show that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment on the amended bill of information, guilty pleas, and sentencing.
Further, defendant pled guilty in this case. When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455. Defendant entered unqualified guilty pleas, waiving all non-jurisdictional defects. No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976), including the trial court's denial of defendant's motions to suppress evidence and statement.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
*1232 State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
A review of the record reveals no constitutional infirmity in defendant's guilty pleas. Defendant was aware he was pleading guilty to the crimes of armed robbery with a firearm enhancement (count one) and attempted second degree murder (count two). In the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty, and stated during the colloquy with the trial court, that he understood those rights.
Defendant was informed during the colloquy and by the waiver of rights form of the maximum sentences on both counts and of the actual sentences that would be imposed if his guilty pleas were accepted. Although the trial judge did not inform defendant of the minimum sentences on either count, we find this is harmless error.[4] La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60. Here, the violation of Article 556.1 did not prejudice defendant because he knew the sentences he would receive, and he received those sentences. The advisement of the agreed upon sentences is sufficient for compliance with La. C.Cr.P. art. 556.1 ; Craig, 10-854 at 7-8, 66 So.3d at 64 ; State v. Broadway, 40,569 (La. App. 2 Cir. 1/25/06), 920 So.2d 960.
As to the alleged excessiveness of defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement. State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171. Here, defendant's sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas, and they fall within the statutory sentencing ranges. See La. R.S. 14:64 ; La. R.S. 14:64.3 ; La. R.S. 14:30.1 ; La. R.S. 14:27. In addition, defendant's plea agreement was beneficial to him in that he was given a twenty-eight (28) year sentence on count one when he could have received a one hundred and four (104) year sentence, and a twenty-eight (28) year sentence on count two when he could have received a fifty (50) year sentence. Also, the sentences were ordered to run concurrently.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports *1233 counsel's assertion, we find there are no issues that support an appeal.
Pro Se Assignment of Error
In his pro se brief, defendant argues that he received ineffective assistance of counsel because his guilty pleas were entered under the advice of his trial counsel and that he understood that his sentences would be less than his co-defendant's sentences because he cooperated with the authorities. He claims that his trial counsel failed to investigate many of the issues that he asked him to investigate. Defendant asserts that the Boykin transcripts reflect a different picture as to what he was told by his trial counsel; however, he does not state what these differences were. He asks that this Court allow him to withdraw his guilty pleas as they were obtained due to the ineffectiveness of his trial counsel, and they constitute a violation of his due process rights.
An ineffective assistance of counsel claim is often most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Crochet, 10-387 (La. App. 5 Cir. 2/15/11), 61 So.3d 725, 728-79, writ denied, 12-1158 (La. 11/21/12), 102 So.3d 52. However, when the record contains sufficient evidence to rule on the merits of an ineffective assistance of counsel claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. Crochet, 61 So.3d at 728-29. We find that the record contains sufficient evidence to address the merits of defendant's ineffective assistance of counsel claim and thus in the interest of judicial economy address it herein.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that 1) his attorney's performance was deficient, and 2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Crochet, supra. The error is prejudicial if it is so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland, supra ; Crochet, supra. To show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the case would have been different. Id.
To prevail, the accused must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel, because "opinions may differ on the advisability of such a tactic." State v. Singleton, 05-634 (La. App. 5 Cir. 2/14/06), 923 So.2d 803, writ denied, 06-1208 (La. 11/17/06), 942 So.2d 532. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. State v. Griffin, 14-450 (La. App. 5 Cir. 12/16/14), 167 So.3d 31, writ denied, 15-148 (La. 11/20/15), 180 So.3d 315. Therefore, defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Strickland, supra ; Griffin, supra. Any inquiry into the effectiveness of counsel must be specific to the facts of the case and must take into consideration the counsel's perspective at the time. Id. The Sixth Amendment does not guarantee errorless counsel or counsel judged ineffective by hindsight. Id.
Nothing in the record supports defendant's claims that his trial counsel *1234 was ineffective or that his plea was constitutionally infirm. During his guilty plea colloquy, defendant indicated that his guilty pleas were knowing, intelligent, free, and voluntary, and that no promises or threats were made to encourage him to plead guilty. Defendant merely makes conclusory and non-specific assertions regarding trial counsel's alleged failure to effectively investigate the case. These conclusory and non-specific assertions are not sufficient to meet either prong under Strickland, supra. Defendant's argument that he should have received lower sentences also lacks merit as his sentences were in accordance with the plea agreement. Considering the foregoing, this claim lacks merit.
Errors Patent
We reviewed the record for errors patent and found the following. La. C.Cr.P. art. 920 ; State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). The uniform commitment order (UCO) indicates that defendant was convicted of armed robbery in violation of La. R.S. 14:64 and was sentenced to imprisonment at hard labor for twenty-eight years. The transcript, however, reflects that defendant was convicted of armed robbery in violation of La. R.S. 14:64 and was sentenced to imprisonment at hard labor for twenty-three years plus an additional five years at hard labor pursuant to La. R.S. 14:64.3 for a total of twenty-eight years. When the UCO and the transcript are not consistent, the transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983). Given this, we remand this case and instruct the trial judge to correct the UCO to indicate defendant's sentence and the five-year enhancement. We also instruct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and to the Department of Corrections' legal department. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, citing La. C.Cr.P. art. 892(B)(2).
Conclusion
For the foregoing reasons, we affirm defendant's convictions and sentences and remand with instructions. We also grant appellate counsel's motion to withdraw.
AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED

It is noted that the trial judge was referring to both Kevin Rivas and Christian Hernandez.

State v. Crosby, 338 So.2d 584 (La. 1976).

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The sentencing range for armed robbery is ten to ninety-nine years, and the sentencing range for attempted second degree murder is ten to fifty years. See La. R.S. 14:64 ; La. R.S. 14:30.1 ; La. R.S. 14:27.