STATE EX REL. LARON TONEY, JR.

VERSUS

STATE OF LOUISIANA

NO. 25-KH-380

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

September 05, 2025

Linda Tran
First Deputy Clerk

**IN RE** LARON TONEY, JR.

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE CONNIE M. AUCOIN, DIVISION "C", NUMBER 23,193

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT DENIED**

The relator, Laron Toney, Jr., seeks this court's review of the July 15, 2025 denial of his Application for Post-Conviction Relief (APCR).  We deny this writ application for the following reasons.

FACTS AND PROCEDURAL BACKGROUND

On April 11, 2023, the relator pled guilty to one count of manslaughter and one count of possession of a firearm by a convicted felon.  On May 16, 2023, in accordance with the plea agreement, the trial court imposed concurrent sentences of thirty years imprisonment at hard labor on the manslaughter count and fifteen years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on the firearm count.  The relator did not file a motion for an appeal.

On June 15, 2025, the relator, through counsel, filed an APCR claiming he had ineffective assistance of counsel and entered an involuntary guilty plea.  The

25-KH-380

State filed an answer to the APCR, arguing the relator's claims were without merit, noting that the relator's counsel obtained a favorable plea agreement; the district attorney amended the second-degree murder charge to the reduced charge of manslaughter for which he agreed to a thirty-year sentence, he was not multiple billed, and the State dismissed four other criminal cases pending against him.

In denying the relator's application, the trial court found the relator had not proved he was entitled to relief. This timely writ application followed.

LAW AND DISCUSSION

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Casimer*, 113 So.3d at 1141. Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id*. When a defendant claims that counsel's ineffective assistance rendered a guilty plea invalid, the *Strickland* analysis under the first deficiency prong remains the same. In contrast, under the second prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

The relator contends that his counsel's pretrial investigation was inadequate because she failed to interview a key witness who would have explained why the relator had the victim's wallet. To support this claim, the relator relies on a non-notarized "affidavit" by Clifford Washington, dated June 18, 2025, in which Mr.

2

Washington stated that he drove the relator and the victim to a check-cashing store a few days before the killing. Mr. Washington later discovered the victim's wallet in his car and allegedly gave the wallet to the relator to return to the victim. Mr. Washington stated that neither law enforcement nor the relator's attorney contacted him. He further claimed that he could have assisted in the relator's defense by confirming that the victim's wallet was not stolen. Thus, the relator argues, because he was already in possession of the victim's wallet, he would have no motive to rob and shoot the victim.

This argument has no merit. The relator obviously knew how he came to have the victim's wallet and would have informed his defense counsel of Mr. Washington's knowledge and willingness to testify. Given the very favorable plea agreement negotiated by the relator's trial counsel, the self-serving, post-trial "affidavit" submitted to support the relator's claim of ineffective assistance of counsel fails to show a reasonable probability that, but for trial counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial.

The relator claims that his trial counsel misinformed him that he would be eligible for good-time release after serving sixty-five percent of his thirty-year sentence. To support this claim, the relator relies on an undated, non-notarized "affidavit," signed by his father, stating that counsel advised the relator that he would be eligible for good time release after serving sixty-five percent of his sentence, "a full three years before his actual eligibility date." The relator claims that his Master Prison Record, which he does not include in the writ application, shows that he will only be eligible for release on good time after serving seventy-five percent of his sentence.

The relator has not included a transcript of his plea or his waiver of rights form with this writ application. However, in denying the relator's APCR, the trial

3

court stated: (1) the relator was advised on the record of the rights he was waiving and informed him of what his agreed-upon sentence would be, (2) neither the court nor the State advised the defendant that he would only have to serve a certain percentage of his sentence, and (3) neither the trial court nor the State made any representations regarding the amount of time he would have to serve once he was remanded to the Department of Corrections. The trial court further noted that the relator recited on the record that he was pleading guilty because he was in fact guilty of killing the victim. The relator stated that he was satisfied with the performance of his trial counsel.

"General statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel." *State v. Fisher*, 19-488 (La. App. 5 Cir. 6/24/20), 299 So.3d 1238, 1247; *State v. Rivas*, 17-615 (La. App. 5 Cir. 7/31/18), 251 So.3d 1228, 1234. Although the relator complains that counsel misled him resulting in three additional years he did not believe he would have to serve, the relator initially faced a life sentence before counsel negotiated a plea agreement resulting in the reduction of the charge of second degree murder to manslaughter, four other offenses were *nolle prossed*, and the State agreed not to file a multiple offender bill of information. Again, the relator has not shown "that there is a reasonable probability that, but for counsel's statement, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370.

CONCLUSION

For the preceding reasons, we deny this writ application.

Gretna, Louisiana, this 5th day of September, 2025.

**JJM**
**SMC**
**SUS**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/05/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-380**

### E-NOTIFIED
29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Justin C. Harrell (Relator)

### MAILED
Honorable Joel T. Chaisson, II
(Respondent)
District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057